IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
2007 JUL 30 PM 4:02
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PHILLIPS,<br><br>Petitioner,<br><br>vs.<br><br>CITY OF OAKLAND, CALIFORNIA,<br>KAREN P. TANDY, Administrator,<br>U.S. Drug Enforcement Administration,<br>SCOTT N. SCHOOLS, U.S. Attorney<br>for the Northern District of California,<br>ARNOLD SCHWARZENEGGER,<br>Governor of the State of California,<br><br>Respondents. | Civil Action No. C07-03885<br><br>PETITION FOR DECLARATORY<br>AND INJUNCTIVE RELIEF |

## STATEMENT OF THE CASE

Petitioner is federally licensed to grow and sell marijuana. See Exhibit A. Respondents, unless enjoined by this Court, will continue to attempt to cripple Petitioner's business.

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1985, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, and Federal Rule of Criminal Procedure 6(a).

## PARTIES

2. Petitioner John Phillips is a private citizen with a residential address of 2337 Ransom Avenue, Oakland, California 94601-3827.

3. Respondent City of Oakland, California is a government entity operating under California State law. Legal counsel for the City of Oakland, its employees, officers, agencies,

boards and commissions is provided by the Office of the City Attorney (OCA). The OCA drafts ordinances, resolutions, contracts and other legal documents requested by City officials and departments, reviews the form and legality of all City contracts, and represents the City in litigation matters. The current City Attorney is John Russo with a business address of Oakland City Attorney, City Hall, 6th Floor, 1 Frank Ogawa Plaza, Oakland, California 94612.

4. Respondent Karen P. Tandy is the Administrator of the Drug Enforcement Administration ("DEA") with a business address of Drug Enforcement Administration, Mailstop: AES, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301.

5. Respondent Scott N. Schools is the United States Attorney for the Northern District of California with a business address of U.S. Attorney's Office, Northern District of California, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102.

6. Respondent Arnold Schwarzenegger is the Governor of the State of California with a business address of State Capitol Building, Sacramento, California 95814.

**FACTS**

7. Petitioner is federally licensed to grow and sell marijuana. See Exhibit A, attached hereto.

8. The State of California enacted the Compassionate Use Act in 2003 in order to make marijuana available for medical purposes. See California Health and Safety Code § 11362.5

9. Despite the fact that Petitioner had all necessary permits and paid all taxes due for his business, he was prosecuted by the State of California for running his business and is, at this time, denied the right to earn a living by Respondent City of Oakland, California (hereinafter, "City of Oakland"), in that Respondent City of Oakland will not allow him to

2

open a storefront in downtown Oakland.

10. The case file for Petitioner's criminal prosecution is 488924A, Superior Court of California, County of Alameda. From information and belief that case is, at the moment, sealed and not open for public inspection.

11. A review of California criminal cases referring to the Compassionate Use Act indicates that the California courts have paid little or no regard to the will of the California legislature.

## LEGAL CLAIMS

FIRST CAUSE OF ACTION
Equal Protection of the Law
Against City of Oakland

12. Petitioner is just as entitled to open a storefront business as anyone else. The law in this regard is quite clear.

13. There must be a rational relation to some legitimate end. *Romer v. Evans*, 116 S.Ct. 1620, 1627 (1996).

14. It is unlawful to punish some for what is permitted to others as lawful . . . administered by public authority with an evil eye and an unequal hand. *Yick Wo v. Hopkins*, 6 S.Ct. 1064, 1071, 1073 (1886).

15. The actions of the State of California and the City of Oakland must be rationally related to a legitimate state purpose. *Dumar v. Kipp*, 90 F.3d 386, 392 (9th Cir. 1996).

16. Equal Protection prohibits "arbitrary and irrational discrimination" even if no suspect class or fundamental right is implicated. *Muller v. Costello*, 187 F.3d 298 (2nd Cir. 1999) (citation omitted).

17. When no suspect class is involved, no fundamental right burdened, we are obligated to apply a rational basis test to determine the legitimacy of the state's classification.

3

*O'Neal v. City of Seattle*, 66 F.3d 1064, 1067 (9th Cir. 1995).

18. Petitioner is well aware of the planned excuses for the actions of Respondent City of Oakland, such as the "threat of crime," etc. Such reasoning could just as easily apply to gun stores, though the regulation of firearms and marijuana are essentially the same issue (beyond the authority of the federal Congress to regulate).

## SECOND CAUSE OF ACTION
### Right to Earn a Living
### Against City of Oakland

19. By prohibiting Petitioner from opening up a storefront in downtown Oakland, Respondent City of Oakland is hampering Petitioner's ability to earn a living. The law regarding this issue is quite clear as well.

20. The liberty protected by the due process clause of the Fourteenth Amendment encompasses an individual's freedom to work and to earn a living. *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1100 (9th Cir. 1981).

## THIRD CAUSE OF ACTION
### Violation of Supremacy Clause
### Against City of Oakland and Governor Arnold Schwarzenegger

21. Petitioner has a *federal* permit to grow and sell marijuana for medical purposes. As such, neither Respondent City of Oakland nor Respondent Governor Arnold Schwarzenegger or any of his agencies (acting for the State of California) have the authority to interfere with Petitioner's legitimate business.

> "Federal preemption of state law is rooted in the Supremacy Clause, Article VI, clause 2, of the United States Constitution." *Transmission Agency of California v. Sierra Pacific Power Co.*, 295 F.3d 918, 928 (9th Cir. 2002) (hereinafter "TANC"). "Preemption of state law 'is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose.'" *Id.* (quoting *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977)).
> In the absence of express preemption, federal law may preempt state claims in two ways, both of which the district court held barred California's claim. Under

4

field preemption, "[i]f Congress evidences an intent to occupy a given field, any state law falling within that field is preempted." *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 248 (1984). Alternatively, there is conflict preemption: "[i]f Congress has not entirely displaced state regulation over the matter in question, state law is still pre-empted to the extent it actually conflicts with federal law, that is, when it is impossible to comply with both state and federal law, or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress." *Id.* (internal citations omitted).

*California ex rel Lockyer v. Dynegy, Inc.*, 375 F.3d 831 (2004).

22. Jurisdiction for this issue is determined under 28 U.S.C. § 1331, not 42 U.S.C. § 1983.

The Council misconceives the nature of this action and the meaning of the *Shaw* footnote. This is not an action brought directly under 29 U.S.C. § 1132(a). It is an action for injunctive and declaratory relief from state regulation based on federal question jurisdiction, 28 U.S.C. § 1331. *See New Orleans Public Service, Inc. v. New Orleans*, 782 F.2d 1236, 1240-41 (5th Cir.) (New Orleans), amended, 798 F.2d 858 (1986), *cert. denied*, 481 U.S. 1023, 107 S.Ct. 1910, 95 L.Ed.2d 515 (1987). As the Court in *Shaw* asserted, "[a] plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, . . . presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve." 463 U.S. at 96 n. 14 [ ]; *see also Lawrence County v. Lead-Deadwood School District No. 40-1*, 469 U.S. 256, 259 n. 6, 105 S.Ct. 695, 83 L.Ed.2d 635 (1985). This rule has been applied in numerous cases in this and other circuits. *See, e.g., Martori Brothers Distributors v. James-Massengale*, 781 F.2d 1349, 1353 (9th Cir.) (Martori), *amended*, 791 F.2d 799, *cert. denied*, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 385 (1986); *Southern Pacific Transportation Co. v. Public Utilities Commission*, 716 F.2d 1285, 1288 (9th Cir. 1983), *cert. denied*, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984); *Colonial Penn Group, Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 236-37 (1st Cir. 1987); *New Orleans*, 782 F.2d at 1240-41; *Aluminum Co. of America v. Utilities Commission of North Carolina*, 713 F.2d 1024, 1028 (4th Cir. 1983), *cert. denied*, 465 U.S. 1052, 104 S.Ct. 1326, 79 L.Ed.2d 722 (1984); *Pacific Merchant Shipping Association v. Aubry*, 709 F.Supp. 1516, 1521-22 (C.D. Cal. 1989). Here, Hydrostorage is seeking, among other remedies, injunctive relief from state regulation, arguing that the underlying state statutes are preempted under the supremacy clause by ERISA. In a case such as this, the supremacy clause and the federal statute provide subject matter jurisdiction under 28 U.S.C. § 1331. We conclude that the district court had jurisdiction under 28 U.S.C. § 1331.

*Hydrostorage Inc. v. Northern California Boilermakers Local Joint*

*Apprenticeship Committee,* 891 F.2d 719 (9th Cir. 1989).

## FOURTH CAUSE OF ACTION
### Access to the Federal Grand Jury
### Against Scott N. Schools, U.S. Attorney

23. Petitioner has been subject to misuse of the legal process of various individuals and entities, in violation by 18 U.S.C. §§ 241 and 242 (18 U.S.C. § 241 addresses conspiracy in violation of the rights of citizens, § 242 is an act or acts—perpetrated by individuals).

24. No United States Attorney vigorously pursues violation of those statutes and, in fact, "sweeps them under the rug" at every available opportunity, a situation that has arisen because U.S. Attorneys and their associates regularly *block* citizen access to the grand jury, in violation of 18 U.S.C. § 1503 (obstruction of justice).

25. This Court can convene a grand jury, see Federal Rule of Criminal Procedure 6(a), without the *permission* of the U.S. Attorney.

26. Petitioner has a right to present his evidence of violations of federal criminal law to the federal grand jury. See *Application of Wood,* 833 F.2d 113 (8th Cir. 1987).

27. The public has a right to every man's evidence. *In re Grand Jury Subpoena Duces Tecum,* 1 F.3d 87, 94 (2nd Cir. 1993) (citing *Branzburg v. Hayes,* 92 S.Ct. 2646, 2660 (1972)); *Matter of Crededio,* 759 F.2d 589, 593, n. 2 (7th Cir. 1985); *Grand Jury Proceedings (Williams) v. United States,* 995 F.3d 1013, 1016 (11th Cir 1993).

## FIFTH CAUSE OF ACTION
### Unconstitutionality of 21 U.S.C. § 801 *et seq.*
### Against Karen P. Tandy, DEA Administrator and Scott N. Schools, U.S. Attorney

28. The function of the courts has been quite clear to Congress since the founding of this Republic.

> Mr. McKEOWN. . . . What is free government? In its last analysis it is the intelligent and impartial administration of justice. It is public justice that holds the Union together. It is to the courts that we look for the protection of our

lives, liberty, reputation, and rights of property. The people have a greater concern in the judicial branch of the Government than in any other. It is to the courts that the people look to protect them in their rights against the Nation or the world. The courts deal with the people in every relation of life from the day they enter the world, and direct the affairs of their estates and guide their hands after death in the distribution of their property. . . .

*Congressional Record*, June 3, 1930, Volume 72, p. 9988.

29. It appears to be the function of government agencies, such as the DEA, to enforce unconstitutional laws with as much vigor as possible. This Court should consider the following.

> Section 1 of the Narcotic Act creates the offense of selling any of the forbidden drugs except in or from the original stamped package; and § 2 creates the offense of selling any of such drugs not in pursuance of a written order of the person to whom the drug is sold. Thus, upon the face of the statute, two distinct offenses are created. Here there was but one sale, and the question is whether, both sections being violated by the same act, the accused committed two offenses or only one.
>
> The statute is not aimed at sales of the forbidden drugs qua sales, a matter entirely beyond the authority of Congress, but at sales of such drugs in violation of the requirements set forth in §§ 1 and 2, enacted as aids to the enforcement of the stamp tax imposed by the act. *See Alston v. United States*, 274 U.S. 289, 294; *Nigro v. United States*, 276 U.S. 332, 341, 345, 351.
>
> *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932).

30. The question here is, where did Congress obtain the authority to enact our modern drug laws, see 21 U.S.C. § 801 et seq., beginning in 1970 under the Nixon administration?

> Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Gavieres v. United States*, 220 U.S. 338, 342, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey v. Commonwealth*, 108 Mass.

433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Compare Albrecht v. United States*, 273 U.S. 1, 11-12, and cases there cited. Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed.

*Id.*

The indictment passes the *Blockburger* test because each count required proof of an additional fact not required to be proved in the others. *Blockburger v. United States*, 284 U.S. 299 (1932). It was therefore not multiplicitous.

*United States v. Nguyen*, No. 05-10576 (9th Cir. 07/10/2006).

31.     *I.e.*, it appears that the United States Attorney and the D.E.A are allowed to "stack" charges on statutes that Congress had no authority to enact in the first place.

## RELIEF REQUESTED

WHEREFORE, Petitioner John Phillips moves this Court to:

1.      Enjoin the City of Oakland, California from prohibiting the Petitioner from opening a storefront in downtown Oakland. See 28 U.S.C. § 2202.

2.      Prohibit the Respondents from initiating criminal prosecution or other discriminatory acts against Petitioner for the running of his lawful business.

3.      A declaratory judgment, pursuant to 28 U.S.C. § 2201, that no agency or employee of the State of California may violate the Supremacy Clause in Petitioner's case.

4.      That this Court convene a grand jury to *investigate*, not *prosecute*, Petitioner's complaints of violations of federal criminal law. See Federal Rule of Criminal Procedure 6(a).

5.      That this Court declare that the federal Congress had no authority to enact 21 U.S.C. § 801 *et seq.*

6.      That this Petitioner be allowed to discovery against all Respondents.

7. That this Petitioner be allowed to amend his Complaint upon completion of discovery.

8. Such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

Dated: July 30, 2007

*[signature: John Phillips]*

John Phillips
2337 Ransom Avenue
Oakland, California 94601-3827
(510) 261-7821

## VERIFICATION OF COMPLAINT

I verify under penalty of perjury, that I am the Petitioner in the above entitled action; I have read the above complaint and have knowledge of the facts stated therein, and the matters and things stated there are true and correct, except as to those matters stated to be on information and belief, and as to those matters I verify as aforesaid that I verily believe them to be true.

*[signature: John Phillips]*

John Phillips

# Form 941-V, Payment Voucher

## Purpose of Form

Complete Form 941-V, Payment Voucher, if you are making a payment with Form 941, Employer's QUARTERLY Federal Tax Return. We will use the completed voucher to credit your payment more promptly and accurately, and to improve our service to you.

If you have your return prepared by a third party and make a payment with that return, please provide this payment voucher to the return preparer.

## Making Payments With Form 941

Make your payment with Form 941 **only if:**

- Your net taxes for the quarter (line 10 on Form 941) are less than $2,500 and you are paying in full with a timely filed return or
- You are a monthly schedule depositor making a payment in accordance with the Accuracy of Deposits Rule. (See section 11 of Pub. 15 (Circular E), Employer's Tax Guide, for details.) This amount may be $2,500 or more.

Otherwise, you must deposit the amount at an authorized financial institution or by electronic funds transfer. (See section 11 of Pub. 15 (Circular E) for deposit instructions.) Do not use Form 941-V to make federal tax deposits.

**Caution.** *If you pay amounts with Form 941 that should have been deposited, you may be subject to a penalty. See* Deposit Penalties *in section 11 of Pub. 15 (Circular E).*

## Specific Instructions

- Enter on the voucher the amount paid with Form 941.
- Enclose your check or money order made payable to the "United States Treasury." Be sure also to enter your EIN, "Form 941," and the tax period on your check or money order. Do not send cash. Please do not staple Form 941-V or your payment to the return (or to each other).
- Detach Form 941-V and send it with your payment and Form 941 to the address in the Instructions for Form 941. Do not send a photocopy of Form 941-V because your payment may be misapplied or delayed.

If any of the preprinted information is incorrect, make changes on the top of Form 941, **not** on the payment voucher. If you change any of the preprinted information on the voucher, your payment may be misapplied or delayed.

*Exhibit A*

---

29W-000661973

▼ **Detach Here and Mail With Your Payment and Tax Return.** ▼

| Department of the Treasury<br>Internal Revenue Service | OMB No. 1545-0029<br>**2006** | Form 941-V, Payment Voucher |

▶ Use this voucher when making a payment with your tax return.
▶ Do not staple this voucher or your payment to your return.
▶ Do not send cash.

95-4743693

| Enter the amount of your payment ▶ | Dollars | Cents |

JOE HEMPS FIRST HEMP BANK AND
CLANCY DAVID GEN PTR
2814 SYLHOWE RD
OAKLAND CA 94602-3566

INTERNAL REVENUE SERVICE
PO BOX 660264
DALLAS TX 75266-0264

954743693 HA JOEH 01 2 200606 610