JOHN A. RUSSO, City Attorney - SB#129729
RANDOLPH W. HALL, Assistant City Attorney - SB#080142
RACHEL WAGNER, Supervising Trial Attorney - SB# 127246
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-4921   Fax: (510) 238-6500
Email: rwagner@oaklandcityattorney.org
X03056/415348

Attorneys for Defendant
CITY OF OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PHILLIPS,<br><br>             Petitioner,<br><br>     v.<br><br>CITY OF OAKLAND, CALIFORNIA,<br>KAREN P. TANDY, Administrator,<br>U.S. Drug Enforcement Administration,<br>SCOTT N. SCHOOLS, U.S. Attorney<br>for the Northern District of California,<br>ARNOLD SCHWARZENEGGER,<br>Governor of the State of California,<br><br>             Respondents. | Case No. C07-03885<br><br>**DEFENDANT CITY OF OAKLAND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: October 3, 2007<br>Time: 9:30 a.m.<br>Dept: Courtroom F, 15th Floor |

## I. INTRODUCTION

Defendant City of Oakland brings this motion to dismiss Mr. Phillips' Complaint that his constitutional rights are being violated because he cannot operate a "storefront" to sell marijuana. Plaintiff alleges that he possesses a non-existent federal license to grow and sell marijuana and that, on that basis, the City of Oakland is violating his constitutional rights of equal protection and his "right to earn a living" by not letting him open a

"storefront" to sell marijuana to the public. Based on this mythical federal license, plaintiff alleges further that the City of Oakland has violated the supremacy clause (that is, federal law) by not allowing his business.

Plaintiff's complaint stands the law on its head. There is no basis under federal law, which criminalizes the manufacture and sale of marijuana, for a right or license to sell marijuana. There is no constitutional right or property interest under federal law by which plaintiff has a vested property right in selling marijuana to the public. While California's Compassionate Use Act allows for the personal medical use of marijuana, no California statute conveys the right to the commercial sale of marijuana, which remains a criminal offense under state law. Accordingly, plaintiff's constitutional claims to the right to open a storefront to sell marijuana have no basis in law and should be dismissed.

## II. LEGAL DISCUSSION

### A. The Third Cause of Action for "Violation of Supremacy Clause" Fails As A Matter of Law.

Plaintiff boldly claims on the first page of his Complaint that he is "federally licensed to grow and sell marijuana." This allegation is somewhat shocking, given that the manufacture or distribution of marijuana is a criminal offense under federal law. 21 U.S.C. §§ 812(c), 841(a)(1), 844(a). In reality, the current state of federal law prohibits the manufacture and sale of marijuana despite any state or local laws to the contrary. See e.g. Gonzales v. Raich, 545 U.S. 1, 29-30 (2005) (holding that federal law criminalizing manufacture or sale of marijuana prevails over local law); cf. United States v. Oakland Cannabis Buyer's Coop., 532 U.S. 483, 494 (2001) (holding that medical necessity is not a defense to manufacturing and distributing marijuana under federal law).

Plaintiff alleges that his Exhibit A (attached to the Complaint) shows a federal license. On its face, Exhibit A is a pre-printed estimated tax payment form from the Internal Revenue Service. Exhibit A is not a federal license to grow and sell marijuana, nor does it support any inference that such a license exists.

Based on the supposed federal license, as his Fourth Cause of Action plaintiff claims that the City of Oakland has violated the supremacy clause by not allowing him to open a storefront to sell marijuana. There can be no violation of the supremacy clause where there is no statutory right (much less a license) under federal law. Accordingly, the Third Cause of Action should be dismissed.

**B.     Plaintiff's Grievance That He Cannot Open A Storefront To Sell Marijuana Does Not Qualify As An Equal Protection Claim.**

As his First Cause of Action, plaintiff broadly alleges an "equal protection" claim against the City of Oakland because he is "just as entitled to open a storefront business as anyone else." Complaint, para. 12. Plaintiff, however, does not allege any kind of discrimination against a class or against him, nor allege that there is no rational basis for refusing permission to open a "storefront business" to sell marijuana -- basic requirements of a viable equal protection claim.

Under an equal protection analysis legislative act that does not rest on discrimination against a protected class is invalid only if there is no rational basis for the statute at issue. Southern Pacific v. City of Los Angeles, 922 F.2d 498, 507 (9th Cir. 1990). Therefore, the proper standard for analysis in this case is whether there is a rational basis for the City's regulation of medical cannabis dispensaries.

If plaintiff intends to challenge OMC 5.90 (the City ordinance) that limits the number of marijuana dispensaries on the ground that it violates the Equal Protection clause, that challenge should be dismissed by the Court. There is nothing on the face of the ordinance that indicates it singles out, irrationally, an identifiable suspect class. The purposes of the City ordinance are: 1) to make medical cannabis available to Oakland residents that have been prescribed the substance by a physician for medical purposes, and 2) to assure that medical cannabis dispensaries operate in a safe manner for all Oakland residents, patients and non-patients, by limiting the number of dispensaries so that they will not unnecessarily proliferate and become, or cause, criminal or nuisance activities. The City's regulatory scheme is fair and reasonable and is rationally related to the objectives it is intended to serve.

It is beyond legal question that the City, as part of its police power, can regulate these pressing concerns without violating the Constitution. Plaintiff's First Cause of Action does not present a viable claim and should be dismissed.

C. **Plaintiff's Self-Styled Second Cause of Action, "Right to Earn A Living," Even If Interpreted As A Due Process Claim Fails As A Matter of Law.**

As his Second Cause of Action, plaintiff claims his constitutional "right to earn a living" has been violated. Defendant City responds that there is no cognizable legal right to sell marijuana to the public for a living, and that the claim fails on its face. To the extent that plaintiff is alleging some sort of due process claim, a due process claim would fail for lack of a property right as discussed below.

    1.    **No Right To Sell Marijuana As A Business Under State Law.**

Plaintiff has no vested property right to sell marijuana commercially under California law. In 1996, California voters passed the "Compassionate Use Act" to ensure the right of seriously ill Californians to obtain and use medical marijuana. See Cal. Health And Safety Code Section 11362.5. While plaintiff mentions the Compassionate Use Act in his Complaint, paragraph 8, California courts have made clear that this statute confers no right to grow and sell marijuana as a business.

California courts have construed the Compassionate Use Act as narrow in scope, providing a limited defense only from criminal prosecution and only for "patients" and "their primary caregivers" for their personal medical use and cultivation of marijuana pursuant to a recommendation or approval of a physician. No local or state statute conveys a legal right to sell or distribute marijuana, nor any legal protections for sellers of marijuana from criminal prosecution.

The California Courts of Appeal have held that the state statute provides no protection – much less a right as plaintiff would have it – for business sales of marijuana. In People v. Peron, 59 Cal. App. 4th 1383, 70 Cal.Rptr.2d (1997), review denied (1998), the court found that a dispensary is not a "primary caregiver" and therefore not entitled to any protection from criminal prosecution under Health and Safety Code § 11362.5(e). A "primary caregiver" is the individual (or one of a few enumerated licensed care facilities) that is designated a "primary care giver by a person prescribed medical marijuana ("qualified patient") who has consistently assumed responsibility for the housing, health, or safety of that qualified patient. Id. at 1395-98. Similarly, the Peron court found that commercial enterprises are not "primary caregivers" because these enterprises do not assume responsibility for the housing, health, or safety of the patients they serve. They

simply sell marijuana to patients. The court reasoned that allowing random designations of commercial enterprise sellers as "primary caregivers" would result in abuse of the law and shield marijuana dealers from prosecution for marijuana sales. Id.

More recent California court decisions have reiterated that the state statute does <u>not</u> legalize any activity beyond the possession or cultivation of marijuana for personal medical use. See <u>People v. Urziceanu</u>, 132 Cal.App.4th 747, 33 Cal. Rptr.3d 859 (2005) (surveying California case law); <u>People v. Galambos</u>, 104 Cal. App. 4th 1147, 1152, 1166-67, 128 Cal. Rptr. 2nd 844 (2002). Hence, plaintiff has no right to sell marijuana as a business under state law, much less assert a valid constitutional violation for the City's alleged refusal to let him do so.

### 2. No Due Process Claim.

To the extent that plaintiff may allege a violation of due process, <u>see</u> Complaint, para. 20, there is no constitutional violation here as a matter of law. Plaintiff's' substantive or procedural due process claim fails as dependent on property rights to which he is not entitled under the United States Constitution and federal law.

If plaintiff means to bring his claim under state law, a due process claim under California law would fail as well. "A procedural due process claim possesses two components: first that an individual has been deprived of a constitutionally protected liberty or property interest; and second, that this deprivation, while not necessarily unconstitutional in and of itself, was rendered unconstitutional because it was undertaken without according the individual the appropriate hearing." <u>Galland v. City of Clovis</u>, 24 Cal.4th 1003, 1030 (2001). "[A] party asserting a deprivation of substantive due process

must first establish a valid property interest within the meaning of the Constitution." <u>Clark v. City of Hermosa Beach</u> 48 Cal.App.4th 1152, 1184 (1996); see also <u>Breneric Associates v. City of Del Mar</u>, 69 Cal. App. 4th 166, 181-184 (1998).

No state law authorizes a person to operate a cannabis dispensary involved in selling medical marijuana to members of the public at large. Plaintiff has not and cannot plead that he has any liberty or property interest under the federal or California Constitutions to sell marijuana. Without a constitutionally protected property or liberty interest, the substantive and procedural due process claims must fail.

## CONCLUSION

As a matter of law, plaintiff has no vested property right under federal (or any other law) to open a "storefront" business to sell marijuana. For the foregoing reasons, the Complaint should be dismissed.

Dated: August 24, 2007

                JOHN A. RUSSO, City Attorney
                RANDOLPH W. HALL, Assistant City Attorney
                RACHEL WAGNER, Supervising Trial Attorney

By: _Rachel Wagner_
      Attorneys for Defendant
      CITY OF OAKLAND

# PROOF OF SERVICE

**Phillips vs. City of Oakland, et al.**
**U.S.D.C. Case No. C07-03885**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One City Hall Plaza, 6th Floor, Oakland, California 94612. On the date set forth below, I served the within documents:

**DEFENDANT CITY OF OAKLAND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.
- ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.
- ☐ by causing personal delivery by messenger of the document(s) listed above to the person(s) at the address(es) set forth below.
- ☐ by causing such envelope to be sent by Federal Express/Express Mail
- ☐ VIA ELECTRONIC MAIL: I attached a true and correct copy thereof in PDF format to an electronic mail message transmitted to the electronic mail address indicated below.

**John Phillips**
**2337 Ransom Avenue**
**Oakland, CA   94601-3827**

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

Executed on August 24, 2007, at Oakland, California.

_/s/ Kristin Ericsson_