1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   CHRISTOPHER E. KRUEGER
    Senior Assistant Attorney General
3   STEPHEN P. ACQUISTO
    Supervising Deputy Attorney General
4   JILL BOWERS, State Bar No. 186196
    Deputy Attorney General
5     1300 I Street, Suite 125
      P.O. Box 944255
6     Sacramento, CA 94244-2550
      Telephone:  (916) 323-1948
7     Fax:  (916) 324-5567
      Email:  Jill.Bowers@doj.ca.gov
8
    Attorneys for Defendant Arnold Schwarzenegger,
9   Governor of the State of California

10

11                  IN THE UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14

| | |
|---|---|
| **JOHN PHILLIPS,** | Case No. C07-03885-JL |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **CITY OF OAKLAND, CALIFORNIA, KAREN P. TANDY, Administrator, U.S. Drug Enforcement Administration, SCOTT N. SCHOOLS, U.S. Attorney for the Northern District of California, ARNOLD SCHWARZENEGGER, Governor of the State of California,** | Hearing:  October 31, 2007<br>Time:      9:30 A.M.<br>Courtroom:  F<br>U.S.M.J.:  The Hon. James Larson |
| Defendants. | Complaint Filed:  July 30, 2007 |

23        **TO:  JOHN PHILLIPS, PLAINTIFF *IN PROPRIA PERSONA*,**

24              Please take notice that on October 31, 2007, at 9:30 A.M., or as soon thereafter as

25   counsel may be heard, Defendant, The Hon. Arnold Schwarzenegger, Governor of the State of

26   California, will move this Honorable Court, located at the United States Courthouse, Federal

27   Building, Courtroom F, 15th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102,

28   / / /

Defendant Governor's Motion to Dismiss                    Phillips v. City of Oakland, et al.<br>C07-03885-JL

1

1   to dismiss this case pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6), for failure to

2   state a claim upon which relief may be granted.

3         This Motion is based on the attached Memorandum of Points and Authorities; the

4   record and pleadings herein; and such other additional matters as may properly come before this

5   Court.

6         Dated: September 11, 2007

7                          Respectfully submitted,

8                          EDMUND G. BROWN JR.
Attorney General of the State of California

9                          CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

10                         STEPHEN P. ACQUISTO
Supervising Deputy Attorney General

11

12

13                         /s/ Jill Bowers

                        JILL BOWERS
Deputy Attorney General

14                         Attorneys for Defendant Arnold Schwarzenegger,
Governor of the State of California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Governor's Motion to Dismiss                 Phillips v. City of Oakland, et al.
C07-03885-JL

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff John Phillips seeks an injunction prohibiting state and federal authorities–including Defendant Governor Arnold Schwarzenegger–from interfering with his Oakland storefront business of growing and selling marijuana in compliance with the California Compassionate Use Act of 1996.  He alleges that he is "federally licensed to grow and sell marijuana" and thus is immune to state criminal prosecution, case number "488924A, Superior Court of California, County of Alameda."  (Pet. ¶¶ 9-10.)  Phillips apparently also alleges that California courts have declined to apply the Compassionate Use Act.  (Pet. ¶ 11.)

Phillips asserts only one of his five causes of action against the Governor, that is, the third, for "Violation of the Supremacy Clause."  (Pet. ¶¶ 21-22.)  Phillips alleges no act or omission by the Governor, who is sued only in his official capacity.

But even if  the Governor were the state actor responsible for Phillips's California Superior Court prosecution, the federal Anti-Injunction Act precludes federal injunctions against proceedings already commenced in state court, such as the one Phillips targets.  In addition, federalism constraints, and the principles of comity expressed in the *Younger* abstention doctrine, require federal courts to abstain from enjoining ongoing state criminal proceedings.  Finally, Phillips fails to allege any facts or legal theories which state a cognizable claim against the Governor.

The Governor is therefore entitled to dismissal for failure to state a claim as to which relief may be  granted.

## LEGAL STANDARD

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the

/ / /

Defendant Governor's Motion to Dismiss

Phillips v. City of Oakland, et al.
C07-03885-JL

3

1  plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty*

2  *Mutual Insurance Co.*, 80 F.3d 335, 337-338 (9th Cir. 1995).

3  **DISCUSSION**

4  **A.  THE ANTI-INJUNCTION ACT PROHIBITS THIS COURT FROM**
   **ENJOINING AN ONGOING STATE CRIMINAL PROCEEDING.**

5

6  Under the Anti-Injunction Act, a federal court "may not grant an injunction to stay

7  proceedings in a State court except as expressly authorized by Act of Congress, or where

8  necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.

9  Phillips alleges an ongoing California Superior Court criminal proceeding and fails to allege any

10  facts showing that this proceeding must be stayed in aid of federal court jurisdiction or to protect

11  or effectuate a federal court judgment.  Phillips's claim for injunctive relief is thus barred by the

12  Anti-Injunction Act.  *See McLucas v. Palmer*, 427 F.2d 239 (2d Cir. 1970) (holding that the rule

13  against federal court interference with state court criminal prosecution cannot be circumvented

14  by seeking declaratory judgment in addition to or in lieu of injunction); *see also*, *H. J. Heinz Co.*

15  *v. Owens*, 189 F.2d 505 (9th Cir. 1951) (affirming dismissal where 28 U.S.C. § 2283 prohibited

16  grant of declaratory and injunctive relief).

17  Defendant Governor is entitled to dismissal from this lawsuit for failure to state a

18  claim as to which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

19  **B.  THE *YOUNGER* ABSTENTION DOCTRINE REQUIRES THIS**
   **COURT TO ABSTAIN FROM ENJOINING THE ONGOING STATE**
   **COURT CRIMINAL PROCEEDINGS.**

20

21  "Whether it is labeled 'comity,' 'federalism,' or some other term, the policy objective

22  behind *Younger* abstention is to avoid unnecessary conflict between the state and federal

23  governments."  *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001).  Absent extraordinary

24  circumstances, federal courts may not enjoin or otherwise interfere with pending state criminal

25  prosecutions on constitutional grounds.  The federal court must abstain and allow the state courts

26  to adjudicate all claims, state and federal.  *Younger v. Harris*, 401 U.S. 37, 49-53 (1971)

27  (overturning district court judgment enjoining county district attorney from further prosecution

28  of defendant under California's Criminal Syndicalism Act); *Samuels v. Mackell*, 401 U.S. 66, 68-

1  73 (1971) (holding that district court should have denied any relief, including declaratory relief,

2  without consideration of merits where plaintiffs sought to enjoin pending state court criminal

3  prosecutions).

4        The federal courts must abstain from the exercise of jurisdiction where state court

5  proceedings (1) are pending when the federal action is filed; (2) implicate important state

6  interests; and (3) provide adequate opportunity to raise the federal claims. *Middlesex County*

7  *Ethics Committee v. Garden State Bar Association*, 457 U.S. 432, 431 (1982); *Dubinka v. Judges*

8  *of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (holding that *Younger* barred relief and

9  affirming dismissal where plaintiffs, defendants in pending California state court criminal

10  proceedings, challenged constitutionality of state law requiring reciprocity in discovery in

11  criminal cases).

12        Phillips seeks to enjoin ongoing criminal proceedings against him in the Alameda

13  County Superior Court.  This state court criminal matter was pending when he filed his federal

14  action.  Thus the first prong of the three-point federal abstention test is satisfied.

15        The Supreme Court of the United States has held that a state has a "vital" interest in

16  enforcing its criminal laws and in protecting "the authority of the judicial system, so that its

17  orders and judgments are not rendered nugatory."  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14

18  (1987) (holding that federal court should have abstained from adjudicating challenges to

19  contempt proceedings pending in state court).  Thus, the second prong of the federal abstention

20  test is satisfied.

21        Phillips does not allege that the California Superior Court denies him an adequate

22  opportunity to present federal defenses to any pending state criminal charges.  Even if Phillips

23  correctly alleges that California courts have declined to apply the Compassionate Use Act as a

24  defense to state criminal prosecution for medical marijuana production and distribution, *Younger*

25  abstention is still a bar to this Court's exercise of jurisdiction because it is based on state not

26  federal law.  Thus, the third prong of the federal abstention test is satisfied.

27  / / /

28  / / /

Defendant Governor's Motion to Dismiss                    Phillips v. City of Oakland, et al.
                                                          C07-03885-JL

5

1    Because *Younger* abstention doctrine requires the federal court to limit its exercise of

2    jurisdiction over Phillips's claims, the Governor is entitled to dismissal for failure to state a

3    claim as to which relief may be granted.

4    **C.    THE GOVERNOR IS ENTITLED TO DISMISSAL UNDER RULE
        12(b)(6) BECAUSE PHILLIPS HAS ASSERTED NO COGNIZABLE**

5    **CLAIM AGAINST HIM.**

6    Phillips's Petition, in its entirety, fails to state a cognizable legal theory for two

7    additional reasons.  First, although the Compassionate Use Act "encourage[s] the federal and

8    state governments to implement a plan to provide for the safe and affordable distribution of

9    marijuana to all patients in medical need of marijuana[,]" it does not expressly authorize the

10   commercial production and distribution of medical marijuana.  Cal. Health & Saf. Code §

11   11362.5(b)(1)(C).  Thus, Phillips's conduct is not protected activity under this statute.  Second,

12   the Supreme Court of the United States has ruled that Congress's Commerce Clause authority

13   includes the power to enforce the federal Controlled Substances Act (CSA), which prohibits the

14   local cultivation and use of marijuana in compliance with state law.  *Gonzales v. Raich*, 545 U.S.

15   1 (2005) (holding that application of the CSA, 21 U.S.C. § 801, *et seq.*, criminalizing the

16   manufacture, distribution, or possession of marijuana, to intrastate growers and users of

17   marijuana for medical purposes within California Compassionate Use Act, does not violate the

18   Commerce Clause).  Thus, even if Phillips's conduct were protected activity under California

19   law, state law does not immunize him from federal prosecution under the Controlled Substances

20   Act.

21   Phillips fails to allege any legal theory purporting to explain why he is entitled to

22   declaratory and injunctive relief against the Governor for violation of the Supremacy Clause.

23   Further, Phillips has alleged no acts or omissions of the Governor purportedly giving rise to a

24   right to declaratory and injunctive relief against him.

25   Because Phillips alleges neither a cognizable legal theory nor sufficient facts under a

26   cognizable legal theory to merit declaratory and injunctive relief, the Governor is entitled to

27   dismissal from this lawsuit for failure to state a claim as to which relief may be granted.

28   *Ballistreri*, 901 F.2d at 699; Fed. R. Civ. P. 12(b)(6).

Defendant Governor's Motion to Dismiss                     Phillips v. City of Oakland, et al.
                                                                              C07-03885-JL

6

1

**CONCLUSION**

2          Phillips's "Supremacy Clause" claim against the Governor fails for three reasons.

3   First, it is barred by the Anti-Injunction Act.  Second, the *Younger* abstention doctrine prohibits

4   this Court from adjudicating it given the pending state court criminal matter.  Finally, Phillips

5   has failed to allege any facts or legal theories to state a cognizable claim against the Governor.

6   Therefore, under Rule 12(b)(6), Phillips's claim against the Governor should be dismissed.

7          Dated:  September 11, 2007

8                                         Respectfully submitted,

9                                         EDMUND G. BROWN JR.
                                          Attorney General of the State of California

10                                        CHRISTOPHER E. KRUEGER
                                          Senior Assistant Attorney General

11                                        STEPHEN P. ACQUISTO
                                          Supervising Deputy Attorney General

12

13                                        /s/ Jill Bowers

14                                        JILL BOWERS
                                          Deputy Attorney General

15                                        Attorneys for Defendant Arnold Schwarzenegger,
                                          Governor of the State of California

16

17   10372827.wpd

18   SA2007102364

19

20

21

22

23

24

25

26

27

28

Defendant Governor's Motion to Dismiss                    Phillips v. City of Oakland, et al.
                                                          C07-03885-JL

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Phillips v. City of Oakland, et al.**

No.:    **C07-03885-JL**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 11, 2007, I served the attached **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

John Richard Phillips
2337 Ransom Avenue
Oakland, CA 94601-3827

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 11, 2007, at Sacramento, California.

| Rachel Aldred | /s/ Rachel Aldred |
|---|---|
| Declarant | Signature |

10375387.wpd