1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
3 | STEPHEN P. ACQUISTO
Supervising Deputy Attorney General
4 | JILL BOWERS, State Bar No. 186196
Deputy Attorney General
5 |  1300 I Street, Suite 125
 P.O. Box 944255
6 |  Sacramento, CA 94244-2550
 Telephone:  (916) 323-1948
7 |  Fax:  (916) 324-5567
 Email:  Jill.Bowers@doj.ca.gov
8 |
Attorneys for Defendant Arnold Schwarzenegger,
9 | Governor of the State of California

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN PHILLIPS,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF OAKLAND, CALIFORNIA, KAREN P. TANDY, Administrator, U.S. Drug Enforcement Administration, SCOTT N. SCHOOLS, U.S. Attorney for the Northern District of California, ARNOLD SCHWARZENEGGER, Governor of the State of California,**<br><br>Defendants. | Case No. C07-03885-CW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing: November 8, 2007<br>Time:     2:00 P.M.<br>Courtroom: 2, Fourth Floor<br><br>U.S.D.J.:  The Hon. Claudia Wilken<br><br>Complaint Filed: July 30, 2007 |

**TO:  JOHN PHILLIPS, PLAINTIFF *IN PROPRIA PERSONA*,**

Please take notice that on <u>November 8, 2007</u>, at <u>2:00 P.M.</u>, or as soon thereafter as counsel may be heard, Defendant, The Hon. Arnold Schwarzenegger, Governor of the State of California, will move this Honorable Court, located at the United States Courthouse, Courtroom 2, Fourth Floor, 1301 Clay Street, Oakland, California, 944612-5212, to dismiss this case

/ / /

pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6), for failure to state a claim upon which relief may be granted.

This Motion is based on the attached Memorandum of Points and Authorities; the record and pleadings herein; and such other additional matters as may properly come before this Court.

Dated: September 27, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

STEPHEN P. ACQUISTO
Supervising Deputy Attorney General

/s/ Jill Bowers

JILL BOWERS
Deputy Attorney General
Attorneys for Defendant Arnold Schwarzenegger,
Governor of the State of California

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiff John Phillips seeks an injunction prohibiting state and federal authorities–including Defendant Governor Arnold Schwarzenegger–from interfering with his Oakland storefront business of growing and selling marijuana in compliance with the California Compassionate Use Act of 1996. He alleges that he is "federally licensed to grow and sell marijuana" and thus is immune to state criminal prosecution, case number "488924A, Superior Court of California, County of Alameda." (Pet. ¶¶ 9-10.) Phillips apparently also alleges that California courts have declined to apply the Compassionate Use Act. (Pet. ¶ 11.)

Phillips asserts only one of his five causes of action against the Governor, that is, the third, for "Violation of the Supremacy Clause." (Pet. ¶¶ 21-22.) Phillips alleges no act or omission by the Governor, who is sued only in his official capacity.

But even if the Governor were the state actor responsible for Phillips's California Superior Court prosecution, the federal Anti-Injunction Act precludes federal injunctions against proceedings already commenced in state court, such as the one Phillips targets. In addition, federalism constraints, and the principles of comity expressed in the *Younger* abstention doctrine, require federal courts to abstain from enjoining ongoing state criminal proceedings. Finally, Phillips fails to allege any facts or legal theories which state a cognizable claim against the Governor.

The Governor is therefore entitled to dismissal for failure to state a claim as to which relief may be granted.

**LEGAL STANDARD**

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the

///

plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 335, 337-338 (9th Cir. 1995).

## DISCUSSION

### A. THE ANTI-INJUNCTION ACT PROHIBITS THIS COURT FROM ENJOINING AN ONGOING STATE CRIMINAL PROCEEDING.

Under the Anti-Injunction Act, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Phillips alleges an ongoing California Superior Court criminal proceeding and fails to allege any facts showing that this proceeding must be stayed in aid of federal court jurisdiction or to protect or effectuate a federal court judgment. Phillips's claim for injunctive relief is thus barred by the Anti-Injunction Act. *See McLucas v. Palmer*, 427 F.2d 239 (2d Cir. 1970) (holding that the rule against federal court interference with state court criminal prosecution cannot be circumvented by seeking declaratory judgment in addition to or in lieu of injunction); *see also*, *H. J. Heinz Co. v. Owens*, 189 F.2d 505 (9th Cir. 1951) (affirming dismissal where 28 U.S.C. § 2283 prohibited grant of declaratory and injunctive relief).

Defendant Governor is entitled to dismissal from this lawsuit for failure to state a claim as to which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### B. THE *YOUNGER* ABSTENTION DOCTRINE REQUIRES THIS COURT TO ABSTAIN FROM ENJOINING THE ONGOING STATE COURT CRIMINAL PROCEEDINGS.

"Whether it is labeled 'comity,' 'federalism,' or some other term, the policy objective behind *Younger* abstention is to avoid unnecessary conflict between the state and federal governments." *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001). Absent extraordinary circumstances, federal courts may not enjoin or otherwise interfere with pending state criminal prosecutions on constitutional grounds. The federal court must abstain and allow the state courts to adjudicate all claims, state and federal. *Younger v. Harris*, 401 U.S. 37, 49-53 (1971) (overturning district court judgment enjoining county district attorney from further prosecution of defendant under California's Criminal Syndicalism Act); *Samuels v. Mackell*, 401 U.S. 66, 68-

73 (1971) (holding that district court should have denied any relief, including declaratory relief, without consideration of merits where plaintiffs sought to enjoin pending state court criminal prosecutions).

The federal courts must abstain from the exercise of jurisdiction where state court proceedings (1) are pending when the federal action is filed; (2) implicate important state interests; and (3) provide adequate opportunity to raise the federal claims. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 432, 431 (1982); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (holding that *Younger* barred relief and affirming dismissal where plaintiffs, defendants in pending California state court criminal proceedings, challenged constitutionality of state law requiring reciprocity in discovery in criminal cases).

Phillips seeks to enjoin ongoing criminal proceedings against him in the Alameda County Superior Court. This state court criminal matter was pending when he filed his federal action. Thus the first prong of the three-point federal abstention test is satisfied.

The Supreme Court of the United States has held that a state has a "vital" interest in enforcing its criminal laws and in protecting "the authority of the judicial system, so that its orders and judgments are not rendered nugatory." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (holding that federal court should have abstained from adjudicating challenges to contempt proceedings pending in state court). Thus, the second prong of the federal abstention test is satisfied.

Phillips does not allege that the California Superior Court denies him an adequate opportunity to present federal defenses to any pending state criminal charges. Even if Phillips correctly alleges that California courts have declined to apply the Compassionate Use Act as a defense to state criminal prosecution for medical marijuana production and distribution, *Younger* abstention is still a bar to this Court's exercise of jurisdiction because it is based on state not federal law. Thus, the third prong of the federal abstention test is satisfied.

///
///

Defendant Governor's Motion to Dismiss                                Phillips v. City of Oakland, et al.
                                                                                              C07-03885-CW

5

1   Because *Younger* abstention doctrine requires the federal court to limit its exercise of
2   jurisdiction over Phillips's claims, the Governor is entitled to dismissal for failure to state a
3   claim as to which relief may be granted.

**C. THE GOVERNOR IS ENTITLED TO DISMISSAL UNDER RULE 12(b)(6) BECAUSE PHILLIPS HAS ASSERTED NO COGNIZABLE CLAIM AGAINST HIM.**

Phillips's Petition, in its entirety, fails to state a cognizable legal theory for two additional reasons. First, although the Compassionate Use Act "encourage[s] the federal and state governments to implement a plan to provide for the safe and affordable distribution of marijuana to all patients in medical need of marijuana[,]" it does not expressly authorize the commercial production and distribution of medical marijuana. Cal. Health & Saf. Code § 11362.5(b)(1)(C). Thus, Phillips's conduct is not protected activity under this statute. Second, the Supreme Court of the United States has ruled that Congress's Commerce Clause authority includes the power to enforce the federal Controlled Substances Act (CSA), which prohibits the local cultivation and use of marijuana in compliance with state law. *Gonzales v. Raich*, 545 U.S. 1 (2005) (holding that application of the CSA, 21 U.S.C. § 801, *et seq.*, criminalizing the manufacture, distribution, or possession of marijuana, to intrastate growers and users of marijuana for medical purposes within California Compassionate Use Act, does not violate the Commerce Clause). Thus, even if Phillips's conduct were protected activity under California law, state law does not immunize him from federal prosecution under the Controlled Substances Act.

Phillips fails to allege any legal theory purporting to explain why he is entitled to declaratory and injunctive relief against the Governor for violation of the Supremacy Clause. Further, Phillips has alleged no acts or omissions of the Governor purportedly giving rise to a right to declaratory and injunctive relief against him.

Because Phillips alleges neither a cognizable legal theory nor sufficient facts under a cognizable legal theory to merit declaratory and injunctive relief, the Governor is entitled to dismissal from this lawsuit for failure to state a claim as to which relief may be granted. *Ballistreri,* 901 F.2d at 699; Fed. R. Civ. P. 12(b)(6).

**CONCLUSION**

Phillips's "Supremacy Clause" claim against the Governor fails for three reasons. First, it is barred by the Anti-Injunction Act. Second, the *Younger* abstention doctrine prohibits this Court from adjudicating it given the pending state court criminal matter. Finally, Phillips has failed to allege any facts or legal theories to state a cognizable claim against the Governor. Therefore, under Rule 12(b)(6), Phillips's claim against the Governor should be dismissed.

Dated: September 27, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

STEPHEN P. ACQUISTO
Supervising Deputy Attorney General

/s/ Jill Bowers

JILL BOWERS
Deputy Attorney General
Attorneys for Defendant Arnold Schwarzenegger,
Governor of the State of California

10381607.wpd

SA2007102364

Defendant Governor's Motion to Dismiss                                                                 Phillips v. City of Oakland, et al.
C07-03885-CW

7

**DECLARATION OF SERVICE BY OVERNIGHT COURIER**

Case Name:   **Phillips v. City of Oakland, et al.**

No.:   **C07-03885-CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550.

On September 27, 2007, I served the attached **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** by placing a true copy thereof enclosed in a sealed envelope with the **Golden State Overnight Service**, addressed as follows:

John Richard Phillips
2337 Ransom Avenue
Oakland, CA 94601-3827

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 27, 2007, at Sacramento, California.

| Rachel Aldred | /s/ Rachel Aldred |
|---|---|
| Declarant | Signature |

10381686.wpd