1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  CHRISTOPHER E. KRUEGER
   Senior Assistant Attorney General
3  STEPHEN P. ACQUISTO
   Supervising Deputy Attorney General
4  JILL BOWERS, State Bar No. 186196
   Deputy Attorney General
5   1300 I Street, Suite 125
   P.O. Box 944255
6   Sacramento, CA 94244-2550
   Telephone:  (916) 323-1948
7   Fax:  (916) 324-5567
   Email:  Jill.Bowers@doj.ca.gov

8
   Attorneys for Defendant Governor Arnold Schwarzenegger
9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      OAKLAND DIVISION

13

| | |
|---|---|
| **JOHN PHILLIPS,** | Case No. C 07-03885 CW |
| Plaintiff, | **DEFENDANT SCHWARZENEGGER'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT [CIV. L. R. 16-9(a)]; [PROPOSED] ORDER** |
| v. | |
| **CITY OF OAKLAND, CALIFORNIA,** *et al.,* | |
| Defendants. | Hearing:    Off Calendar |
| | U.S.D.J.:   The Hon. Claudia Wilken |

20          Defendant, the Hon. Arnold Schwarzenegger, Governor of the State of California,

21  through counsel, submits this Separate Case Management Statement pursuant to Civil Local

22  Rule 16-1(a), which states that, "[i]f one or more of the parties is not represented by counsel, the

23  parties may file separate case management statements."  Civ. L. R. 16-1(a).  Defendant asks the

24  Court to adopt his [Proposed] Order (*attached*, Exhibit A) as its Case Management Order in this

25  case.

26  / / /

27  / / /

28  / / /

Defendant Schwarzenegger Separate Case Management Conference Statement          Phillips v. City of Oakland, et al.
                                                                                                C07-03885-CW

1

**1.    Jurisdiction and Service**

Defendant denies jurisdiction based on Plaintiff John Phillips' allegation of a pending state criminal case against him.  Defendant understands that the City of Oakland has been served.  Defendant lacks sufficient information to state whether the other named defendants have been served.

**2.    Statement of Facts And Factual Issues in Dispute**

John Phillips, Plaintiff *in propria persona*, alleges that he is "federally licensed to grow and sell marijuana" and thus is immune to state criminal prosecution, case number "488924A, Superior Court of California, County of Alameda."  (Pet. ¶¶ 9-10.)  Phillips further alleges that California courts have declined to apply the California Compassionate Use Act. (Pet. ¶ 11.)  Only one of Phillips' five causes of action–the third, for "Violation of the Supremacy Clause"–is alleged against Governor Schwarzenegger.  Phillips alleges no act or omission by the Governor, who is sued only in his official capacity.  Thus, there are no material facts in dispute with respect to the Governor's entitlement to dismissal from this lawsuit.

**3.    Legal Issues**

Defendant's pending motion to dismiss raises three complete legal defenses to Phillips' claim, any one of which is a sufficient basis to grant Defendant's motion under Federal Rules of Civil Procedure, Rule 12(b)(6).

First, the federal Anti-Injunction Act precludes federal injunctions against proceedings already commenced in state court, such as the one Phillips targets.  28 U.S.C. § 2283.  *See McLucas v. Palmer*, 427 F.2d 239 (2d Cir. 1970) (holding that the rule against federal court interference with state court criminal prosecution cannot be circumvented by seeking declaratory judgment in addition to or in lieu of injunction); *see also H. J. Heinz Co. v. Owens*, 189 F.2d 505 (9th Cir. 1951) (affirming dismissal where 28 U.S.C. § 2283 prohibited grant of declaratory and injunctive relief).

Second, the *Younger* abstention doctrine requires the Court to abstain from enjoining the ongoing state court criminal proceedings.  *Younger v. Harris*, 401 U.S. 37, 49-53 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-73 (1971) (holding that district court should have denied

Defendant Schwarzenegger Separate Case Management Conference Statement          Phillips v. City of Oakland, et al.
C07-03885-CW

2

any relief, including declaratory relief, without consideration of merits where plaintiffs sought to enjoin pending state court criminal prosecutions); *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001) ("Whether it is labeled 'comity,' 'federalism,' or some other term, the policy objective behind *Younger* abstention is to avoid unnecessary conflict between the state and federal governments.")

Third, Phillips' Petition must be dismissed for "lack of a cognizable legal theory," and due to "the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699.  A court's determination that a complaint is deficient on either *Ballistreri* ground is a sufficient legal basis for dismissal. *Id.;* Fed. R. Civ. P. 12(b)(6).

**4.    Motions**

On October 26, 2007, the Court vacated the November 8, 2007, hearing on Defendant's unopposed motion to dismiss and took the matter under submission.  Should the Court deny this motion, Defendant will move for summary judgment, or, in the alternative, summary adjudication of facts, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**5.    Amendment of Pleadings**

Defendant responded to the Petition with a motion to dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6).  Defendant has not yet filed his answer.

**6.    Evidence Preservation**

In his Complaint, Plaintiff contends that Defendant has violated the Supremacy Clause of the United States Constitution, but avers neither supporting facts nor injury as a result of the alleged violated.  To the best of our knowledge at this time, Defendant is not in possession, of any evidence relevant to the issues reasonably evident from this allegation.

**7.    Rule 26 Disclosures; Discovery; Settlement and Alternative Dispute Resolution; and Scheduling**:  **Proposed Order**

Defendant's motion to dismiss is presently pending before this Court.  Defendant therefore asks the Court to enter the following order concerning initial disclosures, discovery plan, early settlement, Alternative Dispute Resolution (ADR) process selection (if any), and scheduling:

Defendant Schwarzenegger Separate Case Management Conference Statement    Phillips v. City of Oakland, et al.
C07-03885-CW

3

1       (a)   The last day to meet and confer re: initial disclosures, early

2               settlement, ADR process selection, and discovery plan, shall be 90

3               days after entry of the order denying the dispositive motion last

4               filed by any party attacking the pleadings that is pending on the

5               date the case management order is entered.  Fed. R. Civ. P. 26(f);

6               ADR L.R. 3-5.

7       (b)   Discovery may commence on this Court's issuance of an order

8               approving the parties' joint discovery plan, and shall be completed

9               not later than 180 days from the date of that order or on the date

10              specified in the plan, whichever is later.  All discovery demands

11              shall be served so that responses may be served before the close of

12              the discovery period.  Any motions regarding discovery disputes

13              shall be noticed so that they may be heard before the close of the

14              discovery period.  These deadlines may be changed by stipulation

15              of the parties without the necessity for a hearing.

16       (c)   Dispositive motions shall be filed and served not later than 120

17              days following the close of discovery.

18       (d)   The pretrial conference shall be held not sooner than 45 days

19              following this Court's ruling on any party's dispositive motions

20              last-filed during the period described in paragraph 7(c).

21       (e)   Trial shall be set no earlier than 60 days following the pretrial

22              conference.  Motions in limine and other pretrial motions shall be

23              noticed so as to be heard before the date set for commencement of

24              trial.

25  (Ex. A, Proposed Order.)

26      **8.**   **Related Cases**

27      Phillips alleges that he seeks relief from Superior Court of California, County of

28  Alameda, Case no. 488924A.  (Pet. ¶¶ 9-10.)

Defendant Schwarzenegger Separate Case Management Conference Statement    Phillips v. City of Oakland, et al.
C07-03885-CW

4

1    **9.    Relief**

2         Phillips seeks only declaratory and injunctive relief.  Defendant denies that Phillips is

3    entitled to declaratory or injunctive relief or to any relief whatsoever.

4    **10.    Consent to Magistrate Jurisdiction for All Purposes**

5         Defendant does not consent to the jurisdiction of the magistrate judge for all purposes.

6    **11.    Other References**

7         This case is not suitable for reference to binding arbitration, a special master, or the

8    Judicial Panel on Multidistrict Litigation, because Defendant has complete legal defenses to

9    Phillips' claims and is entitled to dismissal.  Fed. R. Civ. P. 12(b)(6).

10    **12.    Narrowing of Issues**

11         At this time, no issues in this case can be narrowed by agreement.  Defendant submits

12    that his motion to dismiss will dispose of all issues in this case as to Defendant.

13    **13.    Expedited Schedule**

14         At this time, it does not appear that this case can be handled on an expedited basis with

15    streamlined procedures.

16    **14.    Disclosure of Non-party Interested Entities or Persons**

17         Defendant, sued in his official capacity, is exempt from the "Certification of Interested

18    Entities or Persons" requirement.  Civ. L. R. 3-16(a).

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

Defendant Schwarzenegger Separate Case Management Conference Statement          Phillips v. City of Oakland, et al.
                                                                                                 C07-03885-CW

5

**15.**    **Other Matters**

There are no other matters which Defendant wishes to bring to the Court's attention at this time.

Dated: November 5, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
STEPHEN P. ACQUISTO
Supervising Deputy Attorney General

/ s /
JILL BOWERS
Deputy Attorney General
Attorneys for Defendant

Seperate Case Mgmnt Conf. Stmnt.wpd
SA2007102364

Defendant Schwarzenegger Separate Case Management Conference Statement         Phillips v. City of Oakland, et al.
C07-03885-CW

6

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  CHRISTOPHER E. KRUEGER
   Senior Assistant Attorney General
3  STEPHEN P. ACQUISTO
   Supervising Deputy Attorney General
4  JILL BOWERS, State Bar No. 186196
   Deputy Attorney General
5   1300 I Street, Suite 125
    P.O. Box 944255
6   Sacramento, CA 94244-2550
    Telephone:  (916) 323-1948
7   Fax:  (916) 324-5567
    Email:  Jill.Bowers@doj.ca.gov
8
   Attorneys for Defendant Governor Arnold Schwarzenegger
9
                    IN THE UNITED STATES DISTRICT COURT
10
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                              OAKLAND DIVISION
12

13  **JOHN PHILLIPS,**                     Case No. C 07-03885 CW

14                          Plaintiff,     **[PROPOSED] CASE
                                           MANAGEMENT ORDER**
15          **v.**
                                           Hearing:    November 8, 2007
16  **CITY OF OAKLAND, CALIFORNIA, et al.,**  Time:      2:00 P.M.
                                           Courtroom: 2 (Fourth Floor)
17                         Defendants.     U.S. D.J.:   The Hon. Claudia Wilken

18

19          IT IS HEREBY ORDERED as follows:

20          (a)    The last day to meet and confer re: initial disclosures, early settlement, ADR

21  process selection, and discovery plan, shall be 90 days after entry of the order denying the

22  dispositive motion last filed by any party attacking the pleadings that is pending on the date the

23  case management order is entered.  Fed. R. Civ. P. 26(f); ADR L.R. 3-5.

24          (b)    Discovery may commence on this Court's issuance of an order approving the

25  parties' joint discovery plan, and shall be completed not later than 180 days from the date of that

26  order or on the date specified in the plan, whichever is later.  All discovery demands shall be

27  served so that responses may be served before the close of the discovery period.  Any motions

28  regarding discovery disputes shall be noticed so that they may be heard before the close of the

Case Management Order                        Phillips v. City of Oakland, et al.
                                             C07-03885-CW

1

1   discovery period.  These deadlines may be changed by stipulation of the parties without the

2   necessity for a hearing.

3          (c)   Dispositive motions shall be filed and served not later than 120 days following

4   the close of discovery.

5          (d)   The pretrial conference shall be held not sooner than 45 days following this

6   Court's ruling on any party's dispositive motions filed during the period described in paragraph

7   7(c).

8          (e)   Trial shall be set no earlier than 60 days following the pretrial conference.

9   Motions in limine and other pretrial motions shall be noticed so as to be heard before the date set

10  for commencement of trial.

11         DATED: _____

12                                          _____
                                            THE HON. CLAUDIA WILKEN
13                                          UNITED STATES DISTRICT JUDGE

14

15  Proposed Case Mngmnt Order.wpd

16  SA2007102364

17

18

19

20

21

22

23

24

25

26

27

28

Case Management Order                                    Phillips v. City of Oakland, et al.
                                                                        C07-03885-CW

2

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Phillips v. City of Oakland, et al.**

No.:    **C07-03885-CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On November 5, 2007, I served the attached **DEFENDANT SCHWARZENEGGER'S SEPARATE CASE MANAGEMENT STATEMENT CONFERENCE STATEMENT [CIV. L. R. 16-9(a)]; [PROPOSED] ORDER** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

John Richard Phillips
2337 Ransom Avenue
Oakland, CA 94601-3827

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 5, 2007, at Sacramento, California.

| Rachel Aldred | / s / |
|---|---|
| Declarant | Signature |

10393979.wpd