1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

JOHN PHILLIPS,

     Plaintiff,

  v.

CITY OF OAKLAND; KAREN P. TANDY;
SCOTT N. SCHOOLS; and ARNOLD
SCHWARZENEGGER,

     Defendants.
_____/

No. C 07-3885 CW

ORDER GRANTING CITY OF
OAKLAND'S AND ARNOLD
SCHWARZENEGGER'S
MOTIONS TO DISMISS

16     <u>Pro se</u> Plaintiff John Phillips brings this action alleging

17 violations of his constitutional rights in connection with

18 Defendants' refusal to allow him to operate a storefront marijuana

19 dispensary.  Defendants City of Oakland and California Governor

20 Arnold Schwarzenegger move separately to dismiss the claims against

21 them.[1]  In an order dated October 4, 2007, the Court informed

22 Plaintiff that the deadline for filing his opposition to

23 Defendants' motions was October 18, 2007, and that failure to file

24 a timely opposition could result in the motions being granted.

25
26
27
28

     [1]Defendants Karen P. Tandy, the administrator of the U.S. Drug
Enforcement Administration, and Scott N. Schools, the U.S. Attorney
for the Northern District of California, have not yet appeared in
this action.  Any reference in this order to "Defendants" refers
only to the City of Oakland and Gov. Schwarzenegger.

1  Plaintiff did not file an opposition.  The matter was taken under

2  submission on the papers.  Having considered the papers filed by

3  Defendants, the Court grants their motions.

4                              BACKGROUND

5       While the complaint is not clear on the factual details giving

6  rise to this lawsuit, Plaintiff alleges that he was criminally

7  prosecuted by the State of California for running a storefront

8  marijuana dispensary.  He also maintains that the City of Oakland

9  refuses to allow him to operate such a dispensary in downtown

10 Oakland, even though he possesses a license from the federal

11 government that permits him to grow and sell marijuana.

12      Plaintiff claims in his first and second causes of action that

13 the City of Oakland's acts violated his Fourteenth Amendment rights

14 to equal protection and due process.[2]  He claims in his third cause

15 of action that the City of Oakland and Gov. Schwarzenegger violated

16 the Supremacy Clause of the U.S. Constitution by not allowing him

17 to run a storefront marijuana dispensary, in disregard of his

18 federal license.

19                            LEGAL STANDARD

20      A complaint must contain a "short and plain statement of the

21 claim showing that the pleader is entitled to relief."  Fed. R.

22 Civ. P. 8(a).  When considering a motion to dismiss under Rule

23 12(b)(6) for failure to state a claim, dismissal is appropriate

24 _____

25      [2]Plaintiff's second cause of action is cast as a violation of
   his "right to earn a living."  Because Plaintiff alleges no absence
26 or failure of procedural safeguards in connection with his attempt
   to open a marijuana dispensary, the Court construes this cause of
27 action to allege a substantive due process violation.

28                                  2

only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

United States District Court
For the Northern District of California

DISCUSSION

I.    Fourteenth Amendment

Plaintiff claims that the City of Oakland's refusal to let him open a storefront marijuana dispensary violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Because Plaintiff does not allege that he is a member of a protected class, he can succeed on his equal protection claim only by demonstrating that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004) (quoting Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). "Disparate government treatment will survive rational basis scrutiny 'as long as it bears a rational relation to a legitimate state interest.'" Id. (quoting Patel v. Penman, 103 F.3d 868, 875 (9th Cir. 1996)).

The allegations in the complaint do not establish that Plaintiff has been treated differently from similarly situated individuals, let alone in an irrational manner. To the extent Plaintiff's claim is based on the City treating him, as a proprietor of a medical marijuana dispensary, differently from businesspeople who sell other products, his claim must fail. Even though California's Compassionate Use Act permits the personal use of marijuana for medical reasons, the commercial sale of medicinal marijuana is still illegal under California's criminal law. People ex rel. Lungren v. Peron, 59 Cal. App. 4th 1383, 1389-90 (1997). The City of Oakland does permit dispensaries to sell marijuana for

4

United States District Court
For the Northern District of California

medical use, but it limits their number and location.  Oakland Mun. Code § 5.80.  The City has a legitimate interest in regulating the dispensaries in this way because such regulation may prevent their uncontrolled proliferation, which could pose a threat to public safety, and may ensure that the dispensaries comply with the provisions of the Compassionate Use Act.  Cf. Wash. Mercantile Ass'n v. Williams, 733 F.2d 687, 691 (9th Cir. 1984) (government has a legitimate interest in regulating the sale of drug paraphernalia); United States v. Huss, 7 F.3d 1444, 1448 (9th Cir. 1993), overruled on other grounds, United States v. Sanchez-Rodriquez, 161 F.3d 556 (9th Cir. 1998) (government has a legitimate interest in regulating the use of firearms).  The complaint alleges no facts suggesting that the City's permit scheme is an irrational means of regulating medical marijuana dispensaries.

    As for Plaintiff's due process claim, he is correct that the rights conferred by the Fourteenth Amendment include "some generalized due process right to choose one's field of private employment."  Conn v. Gabbert, 526 U.S. 286, 291-292 (1999).  However, substantive due process does not provide an individual the unfettered right to earn a living in whatever way he or she desires.  Rather, the right is "subject to reasonable government regulation."  Id. at 292.  Substantive due process certainly does not entitle an individual to engage in a profession that is criminalized under both state and federal law.  Accordingly, Plaintiff's substantive due process claim fails.

II.  Supremacy Clause

     Plaintiff claims that he possesses a federal license to grow
and distribute marijuana and, therefore, the City of Oakland and
the State of California have violated the Supremacy Clause of the
U.S. Constitution by failing to allow him to operate his business.
Marijuana is a Schedule I drug, the possession and distribution of
which is a federal criminal offense.  21 U.S.C. §§ 841, 844, 812.
The Court takes judicial notice of the fact that the United States
government does not issue licenses to individuals who wish to grow
and sell marijuana, for medical purposes or otherwise.[3]  Because
Defendants' actions are not inconsistent with federal law, there is
no basis for Plaintiff's Supremacy Clause claim.

                              CONCLUSION

     For the foregoing reasons, the Court GRANTS Defendants'
motions to dismiss the claims against them (Docket Nos. 11 and 12),
and Plaintiff's first, second and third causes of action are hereby
dismissed.  The Court finds that any amendment of these claims
would be futile because the facts on which they are based are
fundamentally incompatible with a legal claim.  Accordingly, these
claims are dismissed with prejudice.

     The docket sheet does not reflect whether Defendants Tandy and
Schools have been served with process.  Plaintiff was required to
serve these Defendants by November 27, 2007, within 120 days of
filing the complaint.  The Court will give Plaintiff until January

_____

     [3]Plaintiff supports his contention that he possesses a federal
license by reference to Exhibit A to the complaint.  Exhibit A,
however, is nothing more than an IRS payment voucher.

6

28, 2008 to serve these Defendants and file proof of such service with the Court.  If he does not do so, the claims against them will be dismissed.  Plaintiff is referred to Rule 4(i) of the Federal Rules of Civil Procedure for the requirements of service upon officers of the United States.

IT IS SO ORDERED.

Dated: 12/14/07

_____
CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

7

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PHILLIPS et al,

            Plaintiff,

  v.

CITY OF OAKLAND, CALIFORNIA et al,

            Defendant.
_____/

Case Number: CV07-03885 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 14, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jill  Bowers
Office of the Attorney General
1300 I Street
PO Box 944255
Sacramento,  CA 94244-2550

John  Phillips
2337 Ransom Avenue
Oakland,  CA 94601-3827

Rachel  Wagner
Office of the City Attorney, Oakland
One Frank H. Ogawa Plaza, 6th Floor
Oakland,  CA 94612

Dated: December 14, 2007

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk

United States District Court
For the Northern District of California