# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

FILED
JAN 28 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

JOHN PHILLIPS, Petitioner

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: C07-03885

V.

CITY OF OAKLAND, CALIFORNIA, KAREN P. TANDY, SCOTT N. SCHOOLS, and ARNOLD SCHWARZENEGGER, Respondents.

1301 Clay St
94612
Honorable Judge
Claudia Wilken

TO: (Name and address of defendant)

Arnold Schwarzenegger
Governor of the State of California
State Capitol Building
Sacramento, CA 95814

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John Phillips, pro se
2337 Ransom Avenue
Oakland, CA 94601-3827

an answer to the complaint which is herewith served upon you, within   20   days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE  1-28-08

(BY) DEPUTY CLERK

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com
ALEXANDRIA VA 22301
OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $4.60 |
| Certified Fee | | $2.65 |
| Return Receipt Fee (Endorsement Required) | | $2.15 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $9.40 |

Postmark Here JAN 28 2008 OAKLAND CA LAUREL STA 94619
01/28/2008

Sent To: Karen P. Tandy
Street, Apt. No. or PO Box No.: DEA 2401 Jefferson
City, State, ZIP+4: Davis Highway, Alexandria, VA 22301

PS Form 3800, August 2006

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | 1-28-08 |
| Name of SERVER  JOHN PHILIPPS | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served Personally upon the Defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other *(specify):*   7007 1490 0001 ~~4668~~ 7121 4663

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  1-28-08
        Date

Signature of Server  *John Philipps*

Address of Server  2337 Ransom Ave
Oakland, Calif 94601

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

E-filing

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PHILLIPS, | Civil Action No. C07-03885  |
| Petitioner, | |
| vs. | PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF |
| CITY OF OAKLAND, CALIFORNIA, KAREN P. TANDY, Administrator, U.S. Drug Enforcement Administration, SCOTT N. SCHOOLS, U.S. Attorney for the Northern District of California, ARNOLD SCHWARZENEGGER, Governor of the State of California, | |
| Respondents. | |

## STATEMENT OF THE CASE

Petitioner is federally licensed to grow and sell marijuana. See Exhibit A. Respondents, unless enjoined by this Court, will continue to attempt to cripple Petitioner's business.

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1985, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, and Federal Rule of Criminal Procedure 6(a).

## PARTIES

2. Petitioner John Phillips is a private citizen with a residential address of 2337 Ransom Avenue, Oakland, California 94601-3827.

3. Respondent City of Oakland, California is a government entity operating under California State law. Legal counsel for the City of Oakland, its employees, officers, agencies,

1

1 boards and commissions is provided by the Office of the City Attorney (OCA). The OCA drafts ordinances, resolutions, contracts and other legal documents requested by City officials and departments, reviews the form and legality of all City contracts, and represents the City in litigation matters. The current City Attorney is John Russo with a business address of Oakland City Attorney, City Hall, 6th Floor, 1 Frank Ogawa Plaza, Oakland, California 94612.

4. Respondent Karen P. Tandy is the Administrator of the Drug Enforcement Administration ("DEA") with a business address of Drug Enforcement Administration, Mailstop: AES, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301.

5. Respondent Scott N. Schools is the United States Attorney for the Northern District of California with a business address of U.S. Attorney's Office, Northern District of California, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102.

6. Respondent Arnold Schwarzenegger is the Governor of the State of California with a business address of State Capitol Building, Sacramento, California 95814.

## FACTS

7. Petitioner is federally licensed to grow and sell marijuana. See Exhibit A, attached hereto.

8. The State of California enacted the Compassionate Use Act in 2003 in order to make marijuana available for medical purposes. See California Health and Safety Code § 11362.5

9. Despite the fact that Petitioner had all necessary permits and paid all taxes due for his business, he was prosecuted by the State of California for running his business and is, at this time, denied the right to earn a living by Respondent City of Oakland, California (hereinafter, "City of Oakland"), in that Respondent City of Oakland will not allow him to

2

open a storefront in downtown Oakland.

10. The case file for Petitioner's criminal prosecution is 488924A, Superior Court of California, County of Alameda. From information and belief that case is, at the moment, sealed and not open for public inspection.

11. A review of California criminal cases referring to the Compassionate Use Act indicates that the California courts have paid little or no regard to the will of the California legislature.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
### Equal Protection of the Law
### Against City of Oakland

12. Petitioner is just as entitled to open a storefront business as anyone else. The law in this regard is quite clear.

13. There must be a rational relation to some legitimate end. *Romer v. Evans*, 116 S.Ct. 1620, 1627 (1996).

14. It is unlawful to punish some for what is permitted to others as lawful . . . administered by public authority with an evil eye and an unequal hand. *Yick Wo v. Hopkins*, 6 S.Ct. 1064, 1071, 1073 (1886).

15. The actions of the State of California and the City of Oakland must be rationally related to a legitimate state purpose. *Dumar v. Kipp*, 90 F.3d 386, 392 (9th Cir. 1996).

16. Equal Protection prohibits "arbitrary and irrational discrimination" even if no suspect class or fundamental right is implicated. *Muller v. Costello*, 187 F.3d 298 (2nd Cir. 1999) (citation omitted).

17. When no suspect class is involved, no fundamental right burdened, we are obligated to apply a rational basis test to determine the legitimacy of the state's classification.

3

Case 4:07-cv-03885-CW Document 22 Filed 01/28/2008 Page 6 of 11

1  *O'Neal v. City of Seattle*, 66 F.3d 1064, 1067 (9th Cir. 1995).

18. Petitioner is well aware of the planned excuses for the actions of Respondent City of Oakland, such as the "threat of crime," etc. Such reasoning could just as easily apply to gun stores, though the regulation of firearms and marijuana are essentially the same issue (beyond the authority of the federal Congress to regulate).

## SECOND CAUSE OF ACTION
### Right to Earn a Living
### Against City of Oakland

19. By prohibiting Petitioner from opening up a storefront in downtown Oakland, Respondent City of Oakland is hampering Petitioner's ability to earn a living. The law regarding this issue is quite clear as well.

20. The liberty protected by the due process clause of the Fourteenth Amendment encompasses an individual's freedom to work and to earn a living. *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1100 (9th Cir. 1981).

## THIRD CAUSE OF ACTION
### Violation of Supremacy Clause
### Against City of Oakland and Governor Arnold Schwarzenegger

21. Petitioner has a *federal* permit to grow and sell marijuana for medical purposes. As such, neither Respondent City of Oakland nor Respondent Governor Arnold Schwarzenegger or any of his agencies (acting for the State of California) have the authority to interfere with Petitioner's legitimate business.

> "Federal preemption of state law is rooted in the Supremacy Clause, Article VI, clause 2, of the United States Constitution." *Transmission Agency of California v. Sierra Pacific Power Co.*, 295 F.3d 918, 928 (9th Cir. 2002) (hereinafter "TANC"). "Preemption of state law 'is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose.'" *Id.* (quoting *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977)).
> In the absence of express preemption, federal law may preempt state claims in two ways, both of which the district court held barred California's claim. Under

4

field preemption, "[i]f Congress evidences an intent to occupy a given field, any state law falling within that field is preempted." *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 248 (1984). Alternatively, there is conflict preemption: "[i]f Congress has not entirely displaced state regulation over the matter in question, state law is still pre-empted to the extent it actually conflicts with federal law, that is, when it is impossible to comply with both state and federal law, or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress." *Id.* (internal citations omitted).

*California ex rel Lockyer v. Dynegy, Inc.*, 375 F.3d 831 (2004).

22. Jurisdiction for this issue is determined under 28 U.S.C. § 1331, not 42 U.S.C. § 1983.

The Council misconceives the nature of this action and the meaning of the *Shaw* footnote. This is not an action brought directly under 29 U.S.C. § 1132(a). It is an action for injunctive and declaratory relief from state regulation based on federal question jurisdiction, 28 U.S.C. § 1331. *See New Orleans Public Service, Inc. v. New Orleans*, 782 F.2d 1236, 1240-41 (5th Cir.) (New Orleans), amended, 798 F.2d 858 (1986), *cert. denied*, 481 U.S. 1023, 107 S.Ct. 1910, 95 L.Ed.2d 515 (1987). As the Court in *Shaw* asserted, "[a] plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, . . . presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve." 463 U.S. at 96 n. 14 [ ]; *see also Lawrence County v. Lead-Deadwood School District No. 40-1*, 469 U.S. 256, 259 n. 6, 105 S.Ct. 695, 83 L.Ed.2d 635 (1985). This rule has been applied in numerous cases in this and other circuits. *See, e.g., Martori Brothers Distributors v. James-Massengale*, 781 F.2d 1349, 1353 (9th Cir.) (Martori), amended, 791 F.2d 799, *cert. denied*, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 385 (1986); *Southern Pacific Transportation Co. v. Public Utilities Commission*, 716 F.2d 1285, 1288 (9th Cir. 1983), *cert. denied*, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984); *Colonial Penn Group, Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 236-37 (1st Cir. 1987); *New Orleans*, 782 F.2d at 1240-41; *Aluminum Co. of America v. Utilities Commission of North Carolina*, 713 F.2d 1024, 1028 (4th Cir. 1983), *cert. denied*, 465 U.S. 1052, 104 S.Ct. 1326, 79 L.Ed.2d 722 (1984); *Pacific Merchant Shipping Association v. Aubry*, 709 F.Supp. 1516, 1521-22 (C.D. Cal. 1989). Here, Hydrostorage is seeking, among other remedies, injunctive relief from state regulation, arguing that the underlying state statutes are preempted under the supremacy clause by ERISA. In a case such as this, the supremacy clause and the federal statute provide subject matter jurisdiction under 28 U.S.C. § 1331. We conclude that the district court had jurisdiction under 28 U.S.C. § 1331.

*Hydrostorage Inc. v. Northern California Boilermakers Local Joint*

5

*Apprenticeship Committee*, 891 F.2d 719 (9th Cir. 1989).

## FOURTH CAUSE OF ACTION
Access to the Federal Grand Jury
Against Scott N. Schools, U.S. Attorney

23. Petitioner has been subject to misuse of the legal process of various individuals and entities, in violation by 18 U.S.C. §§ 241 and 242 (18 U.S.C. § 241 addresses conspiracy in violation of the rights of citizens, § 242 is an act or acts—perpetrated by individuals).

24. No United States Attorney vigorously pursues violation of those statutes and, in fact, "sweeps them under the rug" at every available opportunity, a situation that has arisen because U.S. Attorneys and their associates regularly *block* citizen access to the grand jury, in violation of 18 U.S.C. § 1503 (obstruction of justice).

25. This Court can convene a grand jury, see Federal Rule of Criminal Procedure 6(a), without the *permission* of the U.S. Attorney.

26. Petitioner has a right to present his evidence of violations of federal criminal law to the federal grand jury. See *Application of Wood*, 833 F.2d 113 (8th Cir. 1987).

27. The public has a right to every man's evidence. *In re Grand Jury Subpoena Duces Tecum*, 1 F.3d 87, 94 (2nd Cir. 1993) (citing *Branzburg v. Hayes*, 92 S.Ct. 2646, 2660 (1972)); *Matter of Crededio*, 759 F.2d 589, 593, n. 2 (7th Cir. 1985); *Grand Jury Proceedings (Williams) v. United States*, 995 F.3d 1013, 1016 (11th Cir 1993).

## FIFTH CAUSE OF ACTION
Unconstitutionality of 21 U.S.C. § 801 *et seq.*
Against Karen P. Tandy, DEA Administrator and Scott N. Schools, U.S. Attorney

28. The function of the courts has been quite clear to Congress since the founding of this Republic.

> Mr. McKEOWN. . . . What is free government? In its last analysis it is the intelligent and impartial administration of justice. It is public justice that holds the Union together. It is to the courts that we look for the protection of our

> lives, liberty, reputation, and rights of property. The people have a greater concern in the judicial branch of the Government than in any other. It is to the courts that the people look to protect them in their rights against the Nation or the world. The courts deal with the people in every relation of life from the day they enter the world, and direct the affairs of their estates and guide their hands after death in the distribution of their property. . . .

*Congressional Record*, June 3, 1930, Volume 72, p. 9988.

29.  It appears to be the function of government agencies, such as the DEA, to enforce unconstitutional laws with as much vigor as possible. This Court should consider the following.

> Section 1 of the Narcotic Act creates the offense of selling any of the forbidden drugs except in or from the original stamped package; and § 2 creates the offense of selling any of such drugs not in pursuance of a written order of the person to whom the drug is sold. Thus, upon the face of the statute, two distinct offenses are created. Here there was but one sale, and the question is whether, both sections being violated by the same act, the accused committed two offenses or only one.
>
> The statute is not aimed at sales of the forbidden drugs qua sales, a matter entirely beyond the authority of Congress, but at sales of such drugs in violation of the requirements set forth in §§ 1 and 2, enacted as aids to the enforcement of the stamp tax imposed by the act. *See Alston v. United States*, 274 U.S. 289, 294; *Nigro v. United States*, 276 U.S. 332, 341, 345, 351.

*Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932).

30.  The question here is, where did Congress obtain the authority to enact our modern drug laws, see 21 U.S.C. § 801 et seq., beginning in 1970 under the Nixon administration?

> Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Gavieres v. United States*, 220 U.S. 338, 342, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey v. Commonwealth*, 108 Mass.

433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Compare Albrecht v. United States*, 273 U.S. 1, 11-12, and cases there cited. Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed.

*Id.*

The indictment passes the *Blockburger* test because each count required proof of an additional fact not required to be proved in the others. *Blockburger v. United States*, 284 U.S. 299 (1932). It was therefore not multiplicitous.

*United States v. Nguyen*, No. 05-10576 (9th Cir. 07/10/2006).

31. *I.e.*, it appears that the United States Attorney and the D.E.A are allowed to "stack" charges on statutes that Congress had no authority to enact in the first place.

## RELIEF REQUESTED

WHEREFORE, Petitioner John Phillips moves this Court to:

1. Enjoin the City of Oakland, California from prohibiting the Petitioner from opening a storefront in downtown Oakland. See 28 U.S.C. § 2202.

2. Prohibit the Respondents from initiating criminal prosecution or other discriminatory acts against Petitioner for the running of his lawful business.

3. A declaratory judgment, pursuant to 28 U.S.C. § 2201, that no agency or employee of the State of California may violate the Supremacy Clause in Petitioner's case.

4. That this Court convene a grand jury to *investigate*, not *prosecute*, Petitioner's complaints of violations of federal criminal law. See Federal Rule of Criminal Procedure 6(a).

5. That this Court declare that the federal Congress had no authority to enact 21 U.S.C. § 801 *et seq.*

6. That this Petitioner be allowed to discovery against all Respondents.

8

1  7.  That this Petitioner be allowed to amend his Complaint upon completion of
2  discovery.

3  8.  Such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

Dated: July 30, 2007

_____
John Phillips
2337 Ransom Avenue
Oakland, California 94601-3827
(510) 261-7821

## VERIFICATION OF COMPLAINT

I verify under penalty of perjury, that I am the Petitioner in the above entitled action; I have read the above complaint and have knowledge of the facts stated therein, and the matters and things stated there are true and correct, except as to those matters stated to be on information and belief, and as to those matters I verify as aforesaid that I verily believe them to be true.

_____
John Phillips