1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MICHAEL T. PYLE (CSBN 172954 )
   michael.t.pyle@usdoj.gov
4  Assistant United States Attorney

5    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
6    Telephone: (415) 436-7322
     FAX: (415) 436-6748
7
   Attorneys for Defendants Scott N. Schools, former U.S. Attorney
8  for the Northern District of California and Karen P. Tandy,
   former Administrator, U.S. Drug Enforcement Administration
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                   OAKLAND DIVISION

13
   JOHN PHILLIPS,                    )   No. 07-03885 CW
14                                    )
          Plaintiff,                  )   **FEDERAL DEFENDANTS' NOTICE OF**
15                                    )   **MOTION AND MOTION TO DISMISS**
     v.                               )   **[Fed. Rule Civ. Proc. 12(b)(6)]**
16                                    )
   CITY OF OAKLAND, CALIFORNIA,       )   Date: March 13, 2008
17 KAREN P. TANDY, Administrator, U.S.)   Time: 2:00 p.m.
   Drug Enforcement Administration, SCOTT )   Courtroom: 2
18 N. SCHOOLS, U.S. Attorney for the  )   Hon. Claudia Wilken
   Northern District of California, ARNOLD
19 SCHWARZENEGGER, Governor of the
   State of California,
20
          Defendants.
21 ─────────────────────────────────

22                 <u>**NOTICE OF MOTION**</u>

23  **TO PLAINTIFF JOHN PHILLIPS APPEARING IN PROPRIA PERSONA**:

24      PLEASE TAKE NOTICE that on March 13, 2008 at 2:00 p.m. in Courtroom 2, located on

25  the Fourth Floor of the United States Federal Courthouse, 1301 Clay Street, Oakland, California,

26  94612, before the Honorable Claudia Wilken, United States District Judge, defendants Karen P.

27  Tandy, former Administrator, U.S. Drug Enforcement Administration and Scott N. Schools,

28  former United States Attorney for the Northern District of California, will move this Court for an

order dismissing plaintiff's claims with prejudice pursuant to Federal Rule Civil Procedure 12(b)(6) on the ground that plaintiff fails to state any legally cognizable claim against them.

Pursuant to Civil Local Rule 7-3, plaintiff's opposition or statement of nonopposition must be served and filed no later than 21 days before the hearing date.  If plaintiff serves the opposition or statement of nonopposition by mail, it must be mailed three days before the due date, pursuant to Civil Local Rule 5-5.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, and any exhibits thereto, all the matters filed with the Court, and such other evidence as the Court deems appropriate.

## STATEMENT OF RELIEF REQUESTED

The Federal Defendants requests an order dismissing them from the case with prejudice.


## ISSUES TO BE DETERMINED

1.  Should plaintiff's fourth cause of action for "Access to the Federal Grand Jury" be dismissed with prejudice?

2.  Should plaintiff's fifth cause of action for "Unconstitutionality of 21 U.S.C. § 801 et seq." be dismissed with prejudice?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff's complaint should be dismissed as to defendants Scott N. Schools, the former United States Attorney for the Northern District of California[1] and Karen P. Tandy, the former Administrator of the Drug Enforcement Administration ("DEA")[2] (collectively, "Federal Defendants") because Plaintiff fails to state a valid claim against them and it is beyond dispute that Plaintiff can not state any legally cognizable claim against them.  Plaintiff's claims, all

---

[1]The current United States Attorney for the Northern District of California is Joseph P. Russoniello.

[2]Michele Leonhart is the current Acting Administrator for the DEA.

1    grounded on the theory that he is "federally licensed to grow and sell marijuana," must fail just as

2    Plaintiff's claims against the City of Oakland and Governor Schwarzenegger were dismissed

3    with prejudice by the Court in its December 14, 2007 order in this matter.

4        The Federal Defendants have yet to be properly served.  In short, Plaintiff did not comply

5    with Rule 4 because he has yet to serve a summons that complies with Rule 4(a)(1)(F) & (G).

6    (The undersigned's office earlier wrote a letter to Plaintiff to advise him of the improper service.)

7    The Federal Defendants nonetheless move to dismiss at this time so that the court can proceed to

8    the disposition of this matter without further delay.

9        The Federal Defendants respectfully submit that Plaintiff's claims against them must be

10   dismissed with prejudice.

11   **II. PLAINTIFF'S ALLEGATIONS**

12       Plaintiff John Phillips alleges that he "is federally licensed to grow and sell marijuana."

13   Complaint, ¶7.  (The Court's December 14, 2007 order in this matter indicates that the Court has

14   taken judicial notice of the falsity of this allegation).  He alleges that he has faced criminal

15   prosecution by non-federal authorities and makes no allegation that either of the Federal

16   Defendants have ever taken any action adverse to Plaintiff.  *Id*., ¶¶ 9, 10.

17       Plaintiff claims in his fourth cause of action that he "has been subject to misuse of the

18   legal processes of various individuals and entities" (*id*., ¶23), which is presumably a reference to

19   the criminal prosecutions he alleges to have been taken against him by non-federal authorities.

20   Plaintiff alleges that the United States Attorney blocks citizen access to the grand jury, and

21   apparently asks the Court to convene a grand jury so that Plaintiff can present his "evidence."

22   *Id*., ¶¶ 24-27.

23       Plaintiff claims in his fifth cause of action that the Comprehensive Drug Abuse

24   Prevention and Control Act, 21 U.S.C. § 801 et seq. (popularly known as the Controlled

25   Substances Act or "CSA") is unconstitutional.  *Id*., ¶¶ 28-31.

26   **III.  ARGUMENT**

27       **A.  The Legal Standard**

28       A complaint must contain a "short and plain statement of the claim showing that the

1    pleader is entitled to relief." Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under

2    Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does

3    not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.

4    *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).

5         In considering whether the complaint is sufficient to state a claim, the court will take all

6    material allegations as true and construe them in the light most favorable to the plaintiff.  *NL*

7    *Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

8         When granting a motion to dismiss, the court is generally required to grant the plaintiff

9    leave to amend, even if no request to amend the pleading was made, unless amendment would be

10   futile.  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir.

11   1990).  In determining whether amendment would be futile, the court examines whether the

12   complaint could be amended to cure the defect requiring dismissal "without contradicting any of

13   the allegations of [the] original complaint."  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th

14   Cir. 1990).  Leave to amend should be liberally granted, but an amended complaint cannot allege

15   facts inconsistent with the challenged pleading."  *Id.* at 296-97.

16   **B.    Plaintiff's Fourth Cause of Action Should Be Dismissed With Prejudice.**

17        In his fourth cause of action and prayer for relief, Plaintiff asks this Court to convene a

18   grand jury to investigate his claims of criminal misconduct and to allow him to present his

19   "evidence" to the grand jury.  While the complaint is far from clear, Plaintiff appears to allege

20   that the DEA, the United States Attorney for the Northern District of California,  the State of

21   California, and the City of Oakland have misused legal process against him.  As authority for his

22   demand, Plaintiff relies upon Rule 6(a) of the Federal Rules of Criminal Procedure, together with

23   an Eighth Circuit opinion, *In re Wood*, 833 F.2d 113 (1987).[3]  Neither supports the relief Plaintiff

24   seeks.

25

26        [3]Plaintiff cites other cases, apparently for the undisputed proposition that the grand jury

27   has the power to obtain evidence from every person.  That rule, however, obviously does not
     mean that every person has the power to appear before the grand jury to present evidence that the

28   grand jury has not requested.

1    Rule 6(a) states: "When the public interest so requires, the court must order that one or

2    more grand juries be summoned."  Plaintiff, however, does not simply request that a grand jury

3    be convened, but asserts that he "has a right to present his evidence of violations of federal

4    criminal law to the federal grand jury."   No such right exists.  In *Wood, supra*, 833 F.2d at 115-

5    116, the Eighth Circuit cited with approval a 1977 decision of the Ninth Circuit Court of

6    Appeals, *United States v. Chanen,* 549 F.2d 1306  (9th Cir. 1977), as establishing the following

7    general rule:

8

9    The United States argues that a court "may not exercise its 'supervisory
     power' in a way which encroaches on the prerogatives of the [executive or the
10   grand jury itself] unless there is a clear basis in fact and law for doing so."  *United*
     *States v. Chanen*, 549 F.2d 1306, 1313 (9th Cir.), *cert. denied*, 434 U.S. 825, 98
11   S.Ct. 72, 54 L.Ed.2d 83 (1977); *United States v. (Under Seal)*, 714 F.2d 347 (4th
     Cir.), *cert. dismissed*, 464 U.S. 978, 104 S.Ct. 1019, 78 L.Ed.2d 354 (1983).  We
12   believe this to be a correct statement of the law.  The question thus becomes
     whether there was a clear basis in fact and law for the district court's decision in
13   this case. . . .

14   We come then to the second issue and that is, whether, as an enforcement
     mechanism, the district court erred in holding that if the U.S. Attorney failed to
15   comply with the order to resubmit the matter to the grand jury, the application of
     Wood to appear before the grand jury would be granted.  The general rule, is of
16   course, that an individual cannot bring accusations before a grand jury unless
     invited to do so by the prosecutor or the grand jury.  A well-recognized exception
17   to this rule is that the court in its supervisory power can authorize an individual to
     appear before the grand jury if it feels that the circumstances require.

18

19   The authorities on which Plaintiff relies therefore do not recognize any right of a private

20   person to appear before a grand jury, and indeed stress both the independent judgment of the

21   grand jury and prosecutor and the rarity with which a District Court should interfere with those

22   prerogatives.  Plaintiff has not alleged any basis in law or fact, yet alone a "clear" one, that would

23   empower this Court to take the extraordinary step of convening a grand jury on Plaintiff's behalf.

24   *See also, e.g.*,  *In re Grand Jury 89-2*, 728 F. Supp. 1269 (E.D. Va. 1990) (requiring "compelling

25   reason" for Court to direct presentation of certain evidence to grand jury).

26   Indeed, if this were a close question the Court would have to consider the important

27   separation of powers principles addressed by the Ninth Circuit in *Chanen,* 549 F.2d 1306,

28   principles that would counsel against giving Plaintiff the relief he seeks.  As set forth below,

1   Plaintiff's contentions have been resolved against him by Congress and the United States

2   Supreme Court.

3          **C.**     **Plaintiff's Fifth Cause of Action Should Be Dismissed With Prejudice.**

4         In 1970, Congress enacted the Comprehensive Drug Abuse Prevention and Control Act,

5   21 U.S.C. § 801 et seq. (popularly known as the Controlled Substances Act or "CSA").

6   Congress explicitly found that "the illegal importation, manufacture, distribution and possession

7   and improper use of controlled substances have a substantial and detrimental effect on the health

8   and general welfare of the American people."  21 U.S.C § 801(2).

9         In enacting the CSA, Congress "devised a closed regulatory system making it unlawful to

10  manufacture, distribute, dispense, or possess any controlled substance except in a manner

11  authorized by the CSA."  *Gonzales v. Raich*, 545 U.S. 1, 13 (2005).

12        Plaintiff's somewhat rambling fifth cause of action asks: "where did Congress obtain the

13  authority to enact our modern drug laws, see 21 U.S.C. et seq., beginning in 1970 under the

14  Nixon Administration?"   Complaint, ¶30.  The answer to Plaintiff's question is found in

15  Congress' authority under the Commerce Clause.  Indeed, the United States Supreme Court has

16  definitively upheld the CSA's application to allegedly intra-state non-commercial cultivation of

17  marijuana as a legitimate exercise of the power vested in Congress by the Commere Clause.

18  *Raich*, 545 U.S. 1.  Based on the allegations in his complaint, it would appear that Plaintiff's

19  operations are far more extensive than those of Ms. Raich.  *See also United States v. Miroyan*,

20  577 F2d. 489, 495 (9th Cir. 1978) ("constitutionality of the marijuana laws has been settled" law

21  in the Ninth Circuit since 1976); *Alliance for Cannabis Therapeutics v. DEA*, 15 F.3d 1131 (D.C.

22  Cir. 1994) (denying petitions to reclassify marijuana from Schedule I to Schedule II of the CSA

23  and briefly noting litigation history on that issue from 1972 to 1994).

24  **IV.**    **CONCLUSION**

25        This case should be dismissed as to the Federal Defendants with prejudice.  Plaintiff

26  should not be given leave to amend as there is no pleading he could make that would state a

27  //

28  //

FEDERAL DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
07-03885 CW                                    6

1   cognizable legal claim against the Federal Defendants.

2

3   Dated: January 31, 2008                    Respectfully submitted,

4                                              JOSEPH P. RUSSONIELLO
                                               United States Attorney
5

6
                                   By:    _____/s/_____
7                                         Michael T. Pyle
                                          Assistant U.S. Attorney
8                                         Attorneys for Federal Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28