JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954 )
michael.t.pyle@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7322
FAX: (415) 436-6748

Attorneys for Defendants Scott N. Schools, former U.S. Attorney
for the Northern District of California and Karen P. Tandy,
former Administrator, U.S. Drug Enforcement Administration

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHN PHILLIPS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF OAKLAND, CALIFORNIA, ) <br> KAREN P. TANDY, Administrator, U.S. ) <br> Drug Enforcement Administration, SCOTT ) <br> N. SCHOOLS, U.S. Attorney for the ) <br> Northern District of California, ARNOLD ) <br> SCHWARZENEGGER, Governor of the ) <br> State of California, ) <br> ) <br> Defendants. ) <br> ) | 0No. 07-03885 CW <br><br> **FEDERAL DEFENDANTS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO DISMISS** <br><br> No Hearing <br> Hon. Claudia Wilken |

**I. INTRODUCTION**

Plaintiff's opposition brief (which does not yet appear on Pacer but was served on the undersigned) only serves to confirm that this case should be dismissed with prejudice. Not only does he have no answer to the binding authority cited in the Federal Defendants' moving papers, he offers no suggestion that he could or would be able to amend his complaint to allege any facts that would state a viable claim against the Federal Defendants.

FEDERAL DEFENDANTS' REPLY BRIEF ISO MTD       1
07-03885 CW

The Federal Defendants respectfully submit that Plaintiff's claims against them must be dismissed with prejudice.

### III. ARGUMENT

#### A. Plaintiff's Fourth Cause of Action Should Be Dismissed With Prejudice.

Plaintiff's fourth cause of action founders on *United States v. Chanen,* 549 F.2d 1306, 1313 (9th Cir. 1977): "given the constitutionally-based independence of the three actors court, prosecutor and grand jury we believe a court may not exercise its 'supervisory power" in a way which encroaches on the prerogatives of the other two unless there is a clear basis in fact and law for doing so." Plaintiff says *Chanen* is "a house built on sand" (Opp. Br. at 4), but he cites no authority that gives that phrase any credence. Plaintiff has not alleged any basis in law or fact, let alone a "clear" one, that would empower this Court to take the extraordinary step of convening a grand jury on Plaintiff's behalf. *Chanen*, 549 F.2d at 1313; *In re Grand Jury 89-2*, 728 F. Supp. 1269 (E.D. Va. 1990) (requiring "compelling reason" for Court to direct presentation of certain evidence to grand jury). Plaintiff's opposition does little more than express Plaintiff's displeasure with the grand jury process. Plaintiff's claim that the "modern federal grand jury" is "almost worthless" (Opp. Br. at 9) is not only patently false but an insult to each and every grand juror in this District.

#### B. Plaintiff's Fifth Cause of Action Should Be Dismissed With Prejudice.

Plaintiff concedes that "the Federal Defendants' citation of case law is correct" (Opp. at 9) with regard to *United States v. Miroyan*, 577 F2d. 489, 495 (9th Cir. 1978) ("constitutionality of the marijuana laws has been settled" law in the Ninth Circuit since 1976). Far from being "self-evident" that "all modern federal drug laws enacted after 1970" are unconstitutional (Opp. Br. at 10), the case law uniformly holds that such laws are constitutional. It is not surprising that Plaintiff fails to acknowledge the holding in *Gonzales v. Raich*, 545 U.S. 1, 13 (2005), in which the United States Supreme Court definitively upheld the Controlled Substances Act's application to allegedly intra-state non-commercial cultivation of marijuana as a legitimate exercise of the power vested in Congress by the Commere Clause.

*//*

**C. Dismissal Should Be With Prejudice**

Plaintiff does not ask for leave to amend. With binding authority foreclosing his claims, any attempt to amend the complaint to state a claim against the Federal Defendants would be futile. This Court should dismiss the case with prejudice. *See, e.g., Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988) (affirming district court's denial of request for leave to amend); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990) (same).

## III.     CONCLUSION

The Federal Defendants respectfully request that this Court dismiss this case with prejudice.

Dated: March 21, 2008                Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

By:     /s/
Michael T. Pyle
Assistant U.S. Attorney
Attorneys for Federal Defendants