IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PHILLIPS,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND; KAREN P. TANDY;<br>SCOTT N. SCHOOLS; and ARNOLD<br>SCHWARZENEGGER,<br><br>    Defendants.                     / | No. C 07-3885 CW<br><br>ORDER GRANTING<br>FEDERAL DEFENDANTS'<br>MOTION TO DISMISS |

    Defendants Karen P. Tandy and Scott N. Schools move to dismiss pro se Plaintiff John Phillips' claims against them.  Plaintiff opposes the motion.  The matter was taken under submission on the papers.  Having considered all of the papers filed by the parties, the Court grants Defendants' motion.

BACKGROUND

    While the complaint is not clear on the factual details giving rise to this lawsuit, Plaintiff alleges that he "has been subject to misuse of the legal process of various individuals and entities."  Compl. ¶ 23.  Judging by the complaint as a whole, the alleged "misuse of the legal process" apparently refers to Plaintiff's prosecution by state authorities for selling marijuana.

    Plaintiff maintains that the federal government has not

adequately investigated his claims of criminal conspiracy against him. Specifically, he asserts that Defendant Schools, the former United States Attorney for the Northern District of California, has unlawfully "blocked" his access to a federal grand jury by failing to initiate proceedings against the alleged conspirators. He therefore asks the Court to convene a grand jury to investigate his conspiracy claims. He also seeks a ruling that the federal Controlled Substances Act is unconstitutional.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without

2

contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

I.  Plaintiff's Right to a Grand Jury

Plaintiff's fourth cause of action is not a claim against Defendants, but rather a request that the Court convene a grand jury to hear evidence of the purported criminal conspiracy against him. This application is apparently based on Rule 6(a) of the Federal Rules of Criminal Procedure, which states, "When the public interest so requires, the court must order that one or more grand juries be summoned." Plaintiff also cites Application of Wood, 833 F.2d 113, 116 (8th Cir. 1987), which notes:

> [A]n individual cannot bring accusations before a grand jury unless invited to do so by the prosecutor or the grand jury. A well-recognized exception to this rule is that the court in its supervisory power can authorize an individual to appear before a grand jury if it feels that the circumstances require.

The Ninth Circuit, however, has cautioned that "a court may not exercise its 'supervisory power'" over the grand jury in a way that encroaches on the prerogative of the executive branch to determine what evidence is presented to a grand jury "unless there is a clear basis in fact and law for doing so." United States v. Chanen, 549 F.2d 1306, 1313 (9th Cir. 1977).

Plaintiff has cited no authoritative case where a court has directed that evidence be presented to a grand jury where there was no related criminal proceeding already underway.[1] Indeed, to

---

[1] Plaintiff misquotes United States v. Skinner, 27 F. Cas. 1123 (C.C.D.N.Y. 1818), a non-binding and antiquated case, as stating, "No instruction or official authorization is required for the

3

1  enable individuals to present to a grand jury any complaint of
2  purported criminal activity would interfere with the executive
3  branch's prerogative to direct the enforcement of the laws, and
4  thus would not be an appropriate exercise of judicial authority.

   Moreover, Plaintiff has presented no facts to warrant summoning a grand jury. He has alleged a criminal conspiracy against him in only the vaguest of terms, and the conspiracy appears to consist of nothing more than his prosecution for selling marijuana.

   Because there is no basis, in fact or in law, for granting Plaintiff's request to present evidence before a grand jury, his application is denied.

II.  Constitutionality of the Controlled Substances Act

   Plaintiff asserts that the federal Controlled Substances Act, 21 U.S.C. § 801 et seq., represents an unconstitutional exercise of Congress' legislative power. The Supreme Court, however, has held that, even as applied to the intrastate cultivation and use of marijuana, the drug laws are a valid exercise of Congress' power under the Commerce Clause. Gonzales v. Raich, 545 U.S. 1 (2005).

   Plaintiff maintains that Gonzales and other cases declaring the Controlled Substance Act constitutional were wrongly decided, and urges the Court to apply an interpretation of the Commerce

---

institution of a criminal prosecution; any citizen may complain of an infraction of the law, and it is the duty of the judge to issue a warrant." Pl.'s Opp. Br. at 2. In fact, the case stated that the judge "considered it his duty to award a warrant whenever complaint was made to him on oath of a crime's being committed, whether such warrant were applied for by the district attorney or any other person." Skinner, 27 F. Cas. at 1124 (emphasis added).

United States District Court
For the Northern District of California

Clause based on the original intent of the framers of the Constitution. Even if the Court were inclined to adopt such an interpretation, however, it is not free to disregard established precedent.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the claims against them (Docket No. 23), and Plaintiff's fourth and fifth causes of action are hereby dismissed. Plaintiff does not suggest in his opposition to the motion to dismiss any amendment he could make to his complaint to remedy the deficiencies pointed out by Defendants. The Court finds that any amendment of these claims would be futile because they are foreclosed by established law. Accordingly, these claims are dismissed with prejudice.

Because Plaintiff's remaining causes of action were dismissed with prejudice in a previous order, the clerk shall enter judgment against Plaintiff and close the file. Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: 4/28/08

CLAUDIA WILKEN
United States District Judge

5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PHILLIPS et al,

        Plaintiff,

v.

CITY OF OAKLAND, CALIFORNIA et al,

        Defendant.

Case Number: CV07-03885 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jill Bowers
Office of the Attorney General
1300 I Street
PO Box 944255
Sacramento, CA 94244-2550

John Phillips
2337 Ransom Avenue
Oakland, CA 94601-3827

Michael Thomas Pyle
United States Attorney's Office
450 Golden Gate Avenue
Box 36055
San Francisco, CA 94102-3495

Rachel Wagner
Office of the City Attorney, Oakland
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA 94612

Dated: April 28, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk