IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PHILLIPS,<br><br>       Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND, KAREN P. TANDY, SCOTT N. SCHOOLS, and ARNOLD SCHWARZENEGGER,<br><br>       Defendants.<br>_____/ | No. C 07-3885 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE DISMISSAL AND REINSTITUTE ACTION AND DENYING AS MOOT PLAINTIFF'S MOTION TO CONTINUE AS A PRO SE PLAINTIFF (Docket Nos. 49 and 68) |

    Pursuant to Federal Rule of Civil Procedure 60(b)(6), Plaintiff John Phillips, who is proceeding pro se, moves for an order that sets aside the Court's final judgment and reopens his case. Defendants Karen P. Tandy and Scott N. Schools (collectively, Federal Defendants) and Defendant Arnold Schwarzenegger oppose Plaintiff's motion. Defendant City of Oakland did not file an opposition. Plaintiff also filed a motion to proceed as a pro se party, apparently under the belief that he cannot represent himself if he is the principal of a limited liability company. The motions were taken under submission on the papers. Having considered the papers submitted by the parties, the Court DENIES Plaintiff's motion to set aside the judgment and DENIES as moot his motion to proceed as a pro se plaintiff.

BACKGROUND

While his complaint was not clear on the factual details giving rise to this lawsuit, Plaintiff alleged that he "has been subject to misuse of the legal process of various individuals and entities." Compl. ¶ 23. Judging by the complaint as a whole, the alleged "misuse of the legal process" apparently referred to Plaintiff's prosecution by state authorities for selling marijuana.

Against the City and the former Governor, Plaintiff alleged claims under the Fourteenth Amendment and the Supremacy Clause of the United States Constitution. Plaintiff asserted that state authorities violated the Supremacy Clause by prosecuting him for the sale of marijuana, notwithstanding his purported federal license to distribute the Class I drug.[1] Plaintiff charged Defendant Schools, the former United States Attorney for the Northern District of California, with unlawfully denying him access to a grand jury. Plaintiff asked the Court to convene a grand jury to investigate a purported criminal conspiracy against him and for a declaration that the federal Controlled Substances Act, 21 U.S.C. §§ 801, et seq., is unconstitutional.

On December 14, 2007, the Court granted the City's and then-Governor Schwarzenegger's motions to dismiss. With regard to his claims under the Fourteenth Amendment, the Court concluded that the City did not violate Plaintiff's right to equal protection through its rational regulation of medical marijuana dispensaries. Nor did it violate his substantive due process right because he was not

---

[1] To support his contention that he possessed such a federal license, Plaintiff referred to an IRS payment voucher.

2

entitled to engage in a profession criminalized under state and federal law. The Court held that Plaintiff's claim under the Supremacy Clause failed because his state prosecution was not inconsistent with federal law, which criminalizes the possession and distribution of marijuana. Because the Court found that any amendment of Plaintiff's claims would have been futile, they were dismissed with prejudice.

On April 28, 2008, the Court granted the Federal Defendants' motion to dismiss. The Court concluded that there was no basis in fact or in law to convene a grand jury to hear Plaintiff's evidence of a purported conspiracy. Plaintiff's request for a declaration concerning the Controlled Substances Act was denied because Gonzales v. Raich, 545 U.S. 1 (2005), established the statute's constitutionality. Because the Court concluded that any amendment of Plaintiff's claims would have been futile because they were foreclosed by established law, his claims against the Federal Defendants were also dismissed with prejudice.

Plaintiff appealed the Court's final judgment. On January 27, 2009, the Ninth Circuit summarily affirmed the Court's decision. Plaintiff then filed a petition for a writ of certiorari with the United States Supreme Court. On March 1, 2010, the Supreme Court denied Plaintiff's petition.

On July 21, 2010, Plaintiff filed his current motion.

## DISCUSSION

Plaintiff moves for relief from judgment pursuant to Rule 60(b)(6), which provides that a "court may relieve a party . . . from a final judgment" for any reason, other than those enumerated

3

in subsections (1) through (5), "that justifies relief." Courts have used Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. In assessing a plaintiff's Rule 60(b)(6) motion, a court considers whether "the underlying claims have a reasonable chance of success on the merits." Gonzalez Rucci v. INS, 405 F.3d 45, 48 (1st Cir. 2005); see also Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988) (requiring defendant to demonstrate a meritorious defense to set aside default judgment).

Plaintiff appears to argue that the judgment must be set aside because, at the time the Court granted the City's and the then-Governor's motions to dismiss, Plaintiff was suffering from "mental and medically-induced disabilities" that prevented him from asserting an adequate opposition. Pl.'s Mem. of P & A at 3. He also appears to contend that, under Federal Rule of Civil Procedure 17(c)(2), the Court was required to appoint a guardian ad litem to provide him with "the assistance of a representative" while he was disabled. Pl.'s Mem. of P & A at 4.

As noted above, Plaintiff's claims were dismissed with prejudice because any amendment would have been futile. The Ninth Circuit summarily affirmed this dismissal. That Plaintiff may have been affected by a disability at the time his case was adjudicated does not alter the fact that his claims are legally untenable for the reasons stated in the Court's prior orders. Plaintiff offers

4

no new factual allegations or legal authority that render his claims viable.

Plaintiff has not demonstrated that there is any merit to his claims. Consequently, setting aside the Court's judgment is unwarranted.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to set aside the dismissal of his case and to reinstitute his action (Docket No. 49) and DENIES as moot his motion to proceed as a pro se plaintiff (Docket No. 68).

IT IS SO ORDERED.

Dated: 1/14/2011

CLAUDIA WILKEN
United States District Judge

5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PHILLIPS et al,

        Plaintiff,

v.

CITY OF OAKLAND, CALIFORNIA et al,

        Defendant.

Case Number: CV07-03885 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Phillips
2337 Ransom Avenue
Oakland, CA 94601-3827

Dated: January 14, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk